Nov. Term,
1861.

## LEWIS and Others *v.* PHILLIPS.

LEWIS
v.
PHILLIPS.

| 17 | 108 |
|---|---|
| 129 | 365 |
| 129 | 436 |
| 17 | 108 |
| 139 | 197 |
| 17 | 108 |
| 153 | 672 |

In the absence of any statutory provision, directing or authorizing it, the clerk has no authority to issue an execution upon a judgment, without being directed so to do by the judgment plaintiff, or his attorney.

The property in a judgment, is in the judgment plaintiff, and he alone, or those acting for him, have the right to order an execution, or to delay it.

*Quære:* Whether § 428, 2 R. S. 1852, p. 176, which provides that at the expiration of the stay, it shall be the duty of the clerk to issue a joint execution against the property of all the judgment debtors, and the replevin bail, should not be construed to be directory as to the manner of the execution, rather than a direction to issue upon the expiration of the stay.

Perhaps an execution defendant could not complain, where a clerk issues an execution without authority from the plaintiff, if the plaintiff afterward acquiesces in, and ratifies the act; nor could the plaintiff, in such case, object that the clerk had no authority to issue the execution.

Where a deputy clerk issues an execution, without authority from the judgment plaintiff, and without any direction from his principal so to do, and afterward becomes a purchaser at a sale on the execution, he can take no benefit from his purchase, although no actual fraud entered into the transaction.

One who afterward purchased the property from the deputy clerk, without any knowledge of the improvident issuing of the writ, having paid the purchase money and received a deed before notice, could not be disturbed in his title, on account of the want of authority in the clerk to issue the execution.

Notice before actual payment of *all* the purchase money, although it be secured, and the conveyance actually executed, is equivalent to notice before the contract, and one having such notice cannot claim the rights of an innocent purchaser, without notice.

*Quære:* Whether the purchaser is, in such case, entitled to hold the land as an indemnity for what he has paid before notice, and if so, under what circumstances?

*Friday,*
*November* 29.

APPEAL from the *Gibson* Circuit Court.

WORDEN, J.—This was an action by *Phillips* against *James Stephen* and his wife, *Alexander C. Donald*, *Andrew Lewis*, and *Daniel Ward*. The complaint alleges, in substance, that on *March* 30, 1859, the plaintiff recovered a judgment in the *Gibson* Circuit Court, against *Stephen* and wife, and a foreclosure of a mortgage, for the sum of $575, and costs. That at the time of the recovery of the judgment,

the plaintiff was, and ever since has been, and still is, a resident of the State of *Pennsylvania*, and that his attorney resided in the city of *Evansville*, in the State of *Indiana*. That at the time of the rendition of the judgment, and for six months thereafter, *Lewis* was the clerk of the *Gibson* Circuit Court, and *Donald* was his deputy. That soon after the rendition of the judgment, *Lewis*, by *Donald*, his deputy, without the knowledge or consent, order or direction, of the plaintiff, or his attorney, issued to the sheriff a certified copy of the judgment of foreclosure, and order of sale, under the seal of the Court, by virtue of which, the sheriff, having duly advertised the property, on *May* 4, 1859, sold the same, and the defendant, *Donald*, became the purchaser thereof, at the sum of $149.50, and received the sheriff's deed therefor, the property being at the time worth $800. That *Donald* paid the purchase money to the sheriff, who applied $12.55 thereof to the costs, and paid the residue to *Lewis*, as clerk, in whose hands it remains. That neither the plaintiff nor his attorney had any knowledge, intimation, or suspicion of the issuing of the order of sale, or of the sale of the land by the sheriff by virtue thereof, until long after the sale and conveyance. That the defendants in the judgment of foreclosure are insolvent, and the premises mortgaged the only property out of which the judgment, or any part of it, can be realized. That the defendants, *Lewis* and *Donald*, fraudulently, and without the authority, knowledge, or consent of the plaintiff or his attorneys, issued the execution for the purpose of enabling *Donald* to purchase the property at less than its value. That after the purchase of the land by *Donald*, he sold and conveyed the same to the defendant, *Ward*, for the sum of $500, a part of which was paid down, and the residue remains unpaid. That if the plaintiff had known of the sale thus made by the sheriff, he would have bid on the property the amount of his judgment and costs, which he will do if the sale shall be set aside, and the property again exposed to sale.

Prayer that the sale be set aside, &c.

Process was returned "not found," as to *Sutphen* and wife, and the cause proceeded as to the other defendants, who

Nov. Term,<br>1861.<br><br>LEWIS<br>v.<br>PHILLIPS.

filed a demurrer to the complaint, which was overruled, and they excepted. The defendants, *Lewis*, *Donald* and *Ward*, then answered by general denial.

The cause was tried by a jury, who found for the plaintiff, generally, and rendered answers to special interrogatories propounded to them. Motion for a new trial overruled, and judgment, setting aside the sheriff's sale and deed to *Donald*, and the deed from *Donald* to *Ward*.

The first error assigned is in overruling the demurrer to the complaint.

It is claimed that the clerk had authority to issue the execution without any direction, so to do, from the plaintiff, or his attorney. In the absence of any statutory provision, giving him such authority, or making it his duty so to do, it is clear that he had no such authority. The clerk of a Court, as such, has no more right to control, or direct, an execution upon a judgment, than any other third person. The property in a judgment is in the plaintiff therein, and he alone, or those acting for him, have the exclusive right to order an execution, or delay it. The following observations, made by the Court in *Hampton, ex parte*, 2 Greene's (Iowa) Rep. 137, are pertinent here:

"It not unfrequently happens that the parties, plaintiff and defendant, in the exercise of right, and in the spirit of justice and compromise, agree upon terms by which the stern and rigorous proceeding of law is stayed, and time and opportunity afforded for the defeated party to satisfy the demands of the law, with the consent of his successful antagonist. Courts will not prevent the parties from acting with conciliation and forbearance, promotive of convenience. To allow the officers of a Court, or witnesses, to whom fees may be due, to step in and control the cause, either before, or after, judgment, by ordering process to issue, would be a manifest privation of the rights of the parties. A judgment, when entered, is subject to the control of the party in whose favor it is. He, or his agent or attorney, may, in the use of the proper process of the law, enforce it, and no other person. If fees be due to the officers of the Courts, or witnesses, and they are

unreasonably delayed in their collection by the parties to the proceeding, the law gives them a remedy for services rendered. They may enforce their rights by proceeding against the party liable."

We are referred to the following statutory provisions, as authorizing the clerk to issue execution, without the direction of the plaintiff. 2 R. S. 1852, §§ 428, 429, p. 133; *id.* § 635, p. 176. Section 428 provides, that " at the expiration of the stay, it shall be the duty of the clerk to issue a joint execution against the property of all the judgment debtors, and replevin bail," &c. This section should, probably, be construed to be a direction as to the manner of the execution when it issues, that is, against the debtor and replevin bail, rather than a direction to issue upon the expiration of the stay. But this point need not be, and is not, decided, as the provision has no application here, the judgment in question not having been stayed. Section 429 provides, that upon judgments recovered against any officer, &c., for money received in a fiduciary capacity, or for a breach of any official duty, the clerk shall issue execution forthwith, returnable in ninety days, to be indorsed "not repleviable," and it shall be so ordered in the judgment. It is obvious that this section has no application here.

Section 635 provides, that " a copy of the order of sale, and judgment, shall be issued and certified by the clerk, under the seal of the Court, to the sheriff, who shall thereupon proceed to sell the mortgaged premises, or so much thereof as may be necessary to satisfy the judgment, interest and costs, as upon execution," &c.

The intention of the Legislature was, by this section, to provide for the manner of carrying into execution judgments of foreclosure. A copy of the order of sale and judgment is to be issued, and thereupon the sheriff is to sell as upon execution. No direction is given by the statute as to the time when, or circumstances under which, the copy of the order, &c., is to be issued. It is obvious that it can be properly issued, only when it is directed by the proper party.

Perhaps an execution defendant could not complain, where a clerk issues without authority of the plaintiff, if the

plaintiff afterward acquiesces in it, and ratifies the act; nor could the plaintiff, under such circumstances, object that the clerk had no authority to issue the execution. Such, however, is not the case here. The plaintiff was ignorant of the fact that an execution had issued, until after the sale, and has done nothing to show an acquiescence, or ratification.

The order of sale having been issued, and the sale having taken place, without the plaintiff's knowledge or authority, he should not be injured thereby, and the sale should be set aside, unless the rights of third parties, who are innocent, would be injuriously affected. It is objected, that the complaint is bad, for not averring that *Donald* had notice that *Lewis*, his principal, was not authorized by the plaintiff to issue the order.

The order of sale was issued by *Donald*, himself, as the deputy of *Lewis*, and, so far as appears, without any special directions from the latter. Without directions from *Lewis*, to issue the order of sale, *Donald* would have no right, whatever, to presume that *Lewis* had authority from the plaintiff. He can not acquire an advantage, injurious to the plaintiff, from his own unauthorized act.

There was no error in overruling the demurrer. The evidence is in the record, and fully sustains the verdict.

Exceptions were taken to the ruling of the Court, in excluding evidence having a tendency to negative actual fraud, and to the refusal of the Court to instruct, as asked, on that subject. We shall not extend this opinion, by entering into these details, because the charges given accord with our opinion, as above expressed, and because the action is maintainable, and the judgment right, although no actual fraud be shown. *Donald*, having issued the order of sale without authority from the plaintiff, and without having shown directions from his principal to do so, can take no advantage, as against the plaintiff, from his purchase, although no actual fraud entered into the transaction.

A different question, however, arises as respects *Ward*, the purchaser from *Donald*. He, so far as appears, purchased without any knowledge of the improvident issuing of the order of sale. He could be required to look no

further than to see that *Donald's* purchase was made under a judgment, and an execution that was warranted by the judgment. *Carpenter* v. *Doe*, 2 Ind. 465. Had he paid the purchase money before notice, having received his deed from *Donald*, it is not perceived that his title could have been disturbed. The jury, however, returned in their special findings, that of the purchase money, $366 remained due from him to *Donald*.

The question arises whether, under the circumstances, he can be regarded as a purchaser in good faith, and for a valuble consideration, before notice, and, as such, entitled to hold the land.

The rule on this subject, as laid down by *Sugden*, is that "Notice, before actual payment of all the money, although it be secured, and the conveyance actually executed, or before the execution of the conveyance, notwithstanding the money be paid, is equivalent to notice before the contract." See 2 Sug. on Vend., 7 Am. ed., top p. 533, and notes. This rule, as to the necessity of payment of all the purchase money before notice, has been sanctioned and acted upon by this Court. *Dugan* v. *Vattier*, 3 Blackf. 245. This is, undoubtedly, the English doctrine, and it seems to accord, also, with the weight of American authorities. See observations and authorities collected, on this subject, in 2 Lead. Ca. in Eq., 3 Am. ed., pp. 101, 116. There are few, if any, cases, holding that the payment of part of the purchase money, before notice, although the purchaser has taken a conveyance, is sufficient to enable him to hold the land, as against him who has a prior equitable right. But, while this is the case, there is an evident tendency, in the decisions, to afford the purchaser relief and indemnity, in a proper case, by giving him a lien upon the land, or rather, by permitting him to make use of his legal title to secure himself for the purchase money paid before notice, and for improvements made on the land. See authorities above cited.

In *Dart's* Vend. & Pur., by Waterman, p. 389, it is said, that "when the conveyance has been executed, and a part only of the money paid, before notice, the purchaser may, it is conceived, clearly avail himself of the legal estate,

as a security, to the extent of the sum so paid." In the case here, the defendant, *Ward*, did not, either in his answer, or in any other manner, insist upon an indemnity. He asked for no relief, and in no manner raised the question, whether he was entitled to be reimbursed for the amount paid before notice. The remark of *Gibson*, J., in *Youst* v. *Martin*, 3 S. & R. 423, 433, in reviewing former English decisions upon this question, is applicable here. He says, "in none of the cases on the subject, did the defendant insist on indemnity, but, on the contrary, claimed the land itself, insisting that part payment gave him an indefeasible title."

The purchase money due from *Ward* to *Donald*, not being all paid, and that fact being sufficient to prevent him from holding the land, as against the plaintiff, and no question having been raised as to *Ward's* right to be indemnified for the amount he had paid, the judgment must be affirmed.

The question whether a purchaser is entitled, in any case, to hold the land as an indemnity for what he has paid before notice, and if so, under what circumstances, it is unnecessary that we should decide.

*Per Curiam.*—The judgment is affirmed, with costs.

*J. G. Jones, J. E. Blythe* and *Alex. C. Donald*, for the appellants.

*Conrad Baker*, for the appellee.