The State ex rel., &c. v. Wilkins' Adm'r.

THE STATE *ex rel.* &c. *v.* WILKINS' Adm'r, &c.

EXECUTION—CLERK.—Where, in the entry of a judgment, by agreement of the parties, it is ordered by the Court that an execution shall issue thereon, but shall not be levied of the defendant's property for a specific period, except in a certain event, it does not thereby become the duty of the Clerk to issue such execution without directions so to do from the plaintiff, his agent or attorney.

APPEAL from the *Vigo* Circuit Court.

WORDEN, J.—This was an action by the appellant against the appellees. The suit was brought upon the official bond of *Wilkins*, deceased, given by him as Clerk of *Vigo* county. The breach alleged is, that in *January*, 1861, the relators recovered a judgment in the *Vigo* Court of Common Pleas, against one *John C. Walter*, by agreement, as follows:

"It is therefore considered, that the plaintiffs recover of the defendant the sum of 328 dollars and 70 cents in damages, together with the costs and charges in this suit, amounting to 10 dollars and 60 cents; and, by agreement of parties, it is ordered that execution issue herein; but the same shall not be levied of defendant's property for 180 days from this date, unless it shall be necessary to continue and perfect a lien on defendant's property."

It is alleged, that, at the time the judgment was rendered, *Walter* had sufficient property, subject to execution, to pay the same, and continued to have for a reasonable time thereafter; "that the Clerk wholly failed and neglected to issue execution during his continuance in office, and that, in *June*, 1861, *Walter* became wholly insolvent, whereby the relators lost their debt."

A demurrer was correctly sustained to the complaint. As a general proposition, the Clerk of a Court is not required nor authorized to issue an execution upon a judgment, without the authority or direction of the party in whose favor it

is rendered, his agent or attorney. *Lewis* v. *Phillips*, 17 Ind. 108.

But, it is claimed, that, in this case, it was the duty of the Clerk to issue the execution without further direction, inasmuch as it was ordered by the Court that an execution issue therein. Such, in our opinion, is not the effect of the order of the Court. The effect of the order was to give the plaintiffs therein leave to issue execution, but that a levy be withheld for 180 days, unless a levy became necessary in order to continue or perfect a lien. It was not intended by the order to require an execution to be issued in favor of the plaintiffs, whether they wished it or not. It was altogether optional with them to have the execution issued, or to forego it. If they desired it issued, they should have given the Clerk directions accordingly, as in other cases.

*Per Curiam.*—The judgment below is affirmed, with costs.

*Chambers Y. Patterson*, for the appellants.

*B. B. Moffatt*, for the appellees.