Ellis v. Lindley.

## ELLIS v. LINDLEY et al.

1. **Fraud:** JOINT-PURCHASERS. Where, in an action against two jointly for fraud in the purchase of land, the evidence shows that the purchase was made by one defendant only, and that the other was not a participant in the fraud, he will not be held liable as a joint-purchaser for the fraud committed by his co-defendant.

2. **Mortgage:** RELEASE. When the release of a mortgage has been obtained by fraud, equity will reinstate the mortgage, not only as against the mortgagor but a purchaser from him with notice of the mortgage and in whose favor no new rights have intervened since the release.

3. **Amendment:** WHEN ALLOWABLE. An amendment may be allowed after all the evidence is in order to conform the pleadings thereto.

*Appeal from Mahaska District Court.*

TUESDAY, OCTOBER 21.

ACTION in equity. Trial by the court. From the decree rendered, the plaintiff and the defendant, J. A. Lindley, both appeal. The facts appear in the opinion.

*Wm. Loughridge & A. L. Crookham* for the plaintiff.

*Seevers & Cutts* and *Lacey & Shepherd* for the defendant.

MILLER, J.— Upon the trial of the cause in the district court, the following facts were found and decree rendered:

"That plaintiff, about the 24th day of August, 1864, was the owner of 320 acres of land in Reynolds county, Missouri, of the value of $1,800, and of a promissory note 1. FRAUD.          and mortgage securing the same, executed by the defendant, J. A. Lindley, to plaintiff, June 28, 1862, evi-

dencing a debt from the said J. A. Lindley to plaintiff of $1,000 due June 28, 1872, with interest at 5 per cent per annum from the first day of April, 1863, interest payable annually; which said mortgage was upon the E. ½ of the N. W. ¼ of Sec. 33, and the S. E. ¼ of S. W. ¼ of Sec. 28, all in Tp. 76 North, of Range 15 West, in Mahaska county, Iowa, and was given to secure the purchase-money for said land; and which said note and mortgage were of the value of $1,000.

" That said defendant, J. A. Lindley, through fraud and deceit, which was not discovered till June, 1869, practiced upon plaintiff prior to and about the said 24th day of August, 1864, by inducing plaintiff to believe that said J. A. Lindley was the owner of 1,033 and 72-100ths acres of land in Sioux county, Iowa, and that he could make or cause to be made a good title to plaintiff therefor; and further, by procuring plaintiff to accept a deed for said land, purporting to be executed by one Hiram Butterworth and wife with the name of the grantee blank, which has since been filed with the name of plaintiff as grantee, and said deed filed for record in Sioux county; and causing plaintiff to believe he was thereby receiving a good title to said land, whereas, in truth, neither said Lindley nor said Butterworth ever owned any of said land or had any title thereto; and said deed was entirely worthless, all of which was known to said defendant; and upon said date, August 24, 1864, caused the plaintiff to part with the title to his said Missouri land (which has since been sold and conveyed by said Lindley), and to surrender up said note and mortgage to said defendant J. A. Lindley, and to enter satisfaction of said mortgage upon the record; the plaintiff taking, as he supposed, the Sioux county land in payment of the mortgage and as the consideration for the Missouri land.

" That said J. A. Lindley after the execution of the said mortgage to plaintiff, to wit, June 30, 1864, executed and delivered to the defendant B. F. Lindley, a warranty deed for said mortgaged premises in payment of a pre-existing debt contracted in the year 1858 or 1859, with the understanding and agreement between them that said J. A. Lindley should

pay said mortgage debt. That of said mortgaged premises, the following are still owned by the said B. F. Lindley, to wit: the S. E. $\frac{1}{4}$ of the N. W. $\frac{1}{4}$ and the E. $\frac{1}{2}$ of the N. E. $\frac{1}{4}$ of the N. W. $\frac{1}{4}$ of Sec. 33, Tp. 76, Range 15 West, and the remainder has been conveyed to innocent purchasers for a valuable consideration.

" And that the said defendant, B. F. Lindley, was not knowingly a participant in the fraud perpetrated upon plaintiff by his co-defendant, J. A. Lindley.

" It is, therefore, ordered and decreed by the court that the debt evidenced by the said note and mortgage, as between plaintiff and said J. A. Lindley, be and the same is hereby revived and established as a valid and existing debt according to its original tenor and effect, the same as though said note and mortgage had not been delivered up or satisfaction entered upon the record. That said mortgage, so far as it relates to the land still owned by B. F. Lindley, to wit: The S. E. $\frac{1}{4}$ of N. W. $\frac{1}{4}$ and E. $\frac{1}{2}$ of N. E. $\frac{1}{4}$ of N. W. $\frac{1}{4}$ of Sec. 33 in Township 76, Range 15 West, be and the same is hereby revived and shall be of the same force and effect, and may be hereafter enforced against said land in the same manner as though no satisfaction thereof had been entered upon the record and no attempt at payment had been made, or the note and mortgage surrendered by plaintiff to said J. A. Lindley. That the defendant, B. F. Lindley, go hence hereof without day and be in no wise affected by this decree, except by the incumbrance on his lands as above set forth.

" That plaintiff shall execute to the defendant, J. A. Lindley, a written assignment of all cause or causes of action which he may have had against said H. Butterworth under and by virtue of said Butterworth's deed, either by reason of the breach of warranty or for any other cause, and shall deposit said assignment and said Butterworth's deed with any other papers received from said J. A. Lindley relating to said Sioux county land, with the clerk of this court for the use of said J. A. Lindley. And that upon the depositing of said papers as aforesaid, the plaintiff shall have and recover of the

said defendant, J. A. Lindley, the sum of $1,800, with interest thereon at the rate of six per cent, per annum from the 24th day of August, 1864, to wit, the sum of $2,590 and the costs of this suit, taxed at          dollars, and in default of payment of either said debt or costs execution issue therefor."

The plaintiff appeals from the decree, and insists that the evidence shows that the defendant, B. F. Lindley, was jointly interested with his brother J. A. Lindley, in the purchase of plaintiff's farm; that he was jointly interested also in the transaction which resulted in the release of the mortgage on the farm in Mahaska county and the acceptance by plaintiff of the deed of Butterworth and wife to the Sioux county lands, and equally with J. A. Lindley, guilty of the frauds charged.    After carefully examining and duly considering the evidence in the case, we are constrained to agree with the learned judge of the district court in his findings that the contract for the sale of plaintiff's farm was made alone with J. A. Lindley, and that "the defendant B. F. Lindley was not knowingly a participant in the fraud perpetrated upon the plaintiff by his co-defendant, J. A. Lindley."   Not having been a joint-purchaser with J. A. Lindley, nor a participant in the frauds committed by him, there is no legal or equitable ground upon which he can be held liable as such purchaser, or for the fraudulent acts of another.

II. Plaintiff claims further that he should have judgment for $150, and interest thereon from time of payment by him to one William Beaton.   The evidence shows that in the conveyance of the Missouri land to plaintiff by Hamlin (which land was taken by plaintiff as part of the consideration of the farm sold by him to J. A. Lindley), a mistake was made in the description of the land.   Afterward when plaintiff was induced to accept a deed for the Sioux county land in satisfaction of the mortgage and also in lieu of the Missouri land. J. A. Lindley also induced plaintiff to execute a deed of warranty to said Beaton of the Missouri land.   In this deed the mistake of description was perpetuated, and plaintiff has been compelled to pay $150.00 to rectify this mistake.   It is but

just and equitable that J. A. Lindley should re-imburse the plaintiff this sum with interest from date of payment. But as the evidence does not fix this time, the interest will be computed from the commencement of this suit.

III. In respect to the claim of plaintiff of $200, which he agreed to assume for defendant to Daniel Ellis, it does not appear from the evidence that the plaintiff has paid any thing to said Daniel Ellis. Nor is it entirely satisfactory on the evidence that he is under any legal obligation to do so. Until the plaintiff has been damnified, he will not be entitled to damages, on this claim.

IV. On the appeal of J. A. Lindley we are clearly of opinion that the findings of the court are fully justified by the evidence. The evidence abundantly establishes the fraud alleged and found by the court. The judgment of the district court goes no farther than to place the plaintiff in the same position, as nearly as practicable, which he would have occupied but for the fraud of the defendant. Plaintiff sold his farm to J. A. Lindley for $2,800, not one dollar of which has yet been paid. The judgment of the court is intended to secure the payment thereof, as nearly as may be, with interest. That part of the judgment, re-instating the mortgage upon such of the lands originally covered by it as B. F. Lindley has not conveyed, is not appealed from. B. F. Lindley does not appeal or join therein. But if B. F. Lindley had appealed the result would be the same. He purchased with notice of the mortgage. It was not released until after his purchase of the mortgaged premises. No intervening rights have accrued in his behalf since the release of the mortgage. He is in no worse position now than he was before.

2. MORTGAGE.

V. It is urged by Lindley, appellant, that the court below committed an error in allowing the plaintiff to amend his petition after the evidence in the cause had been received by the court. This amendment was allowed by the court to meet the cause of action made by the evidence already taken. No new evidence being allowed thereunder. The same order allowed the defendants to make

3. AMENDMENT.

any amendment they might deem proper for the purpose of adapting the pleading to the defense made by the evidence. The discretion to do this is expressly vested in the trial court by section 2977 of the Revision, and no abuse of discretion is shown.

In addition to the amount of the judgment of the court below, plaintiff is entitled to $150 and interest thereon from the commencement of this suit, being the sum paid by plaintiff to correct the mistake in the conveyance of the Missouri land. With this modification the judgment is

Affirmed.

The defendant will pay the costs of this appeal.'