## WILLS *v.* CHANDLER and another.

*(Circuit Court, D. Nebraska. May 8, 1880.)*

JUDICIAL SALE—ORDER OF CONFIRMATION.—An order of confirmation of a judicial sale may cure all irregularities in the course of the proceeding, but can add nothing to the authority of the officer to make it.

SAME—DENIAL OF MOTION TO VACATE ORDER OF CONFIRMATION—ESTOPPEL.—A party is not estopped from bringing an action to set aside a judicial sale made without authority, by the fact that the court may have overruled the motion to set aside the order confirming such sale.

SAME—SAME—PRESUMPTION—COURT OF EQUITY.—Where a motion made in a state court of Nebraska, five years after a judicial sale, for a vacation of the order confirming the same, was denied, and no ground for denial appeared in the record, *held,* that it would be presumed to have been denied because made too late for the court to grant such relief, but that it was not too late for a court of equity to grant such relief as party was entitled to.

JUDGMENT—ENFORCEMENT AND SATISFACTION.—In the absence of statutory regulation no one but a party, or his attorney or agent, can satisfy a judgment, or direct its enforcement by execution.

SAME—SHERIFF—HAS NO CONTROL OVER JUDGMENT.—A sheriff has no interest in or control over a judgment, which may include his fees, that will authorize him to enforce it. If same is settled or discharged he must look to the plaintiff or his attorney for his fees.

SAME—CLERK—ISSUING EXECUTION.—A clerk has no authority, in th absence of statutory regulation, to issue execution without the direction of the plaintiff or his attorney.

SAME—SATISFACTION OF—ATTORNEY CANNOT CANCEL.—An attorney who has given a release and satisfaction of a judgment cannot, without the consent of the other, cancel the same, and authorize an execution to issue.

EXECUTION SALE—SHERIFF'S POWER.—In making an execution sale a sheriff acts by virtue of a power, and if no power exists nothing passes.

*Kennedy & Gilbert,* for plaintiff.

*G. W. Ambrose* and *J. M. Woolworth,* for defendants.

McCRARY, C. J. This is a bill in equity to quiet plaintiff's title to certain lands in the city of Omaha. It is admitted that the plaintiff's title is perfect, unless it has been divested by a sale under execution issued upon a judgment for $251.31 and costs, in favor of Bancroft and others and against one Nuckolls, rendered by the district court of Douglas county,

Nebraska. At the time that judgment was rendered Nuck-olls, the defendant therein, was seized in fee of the premises, and the judgment was therefore a lien upon the same. Subsequently to the rendition of said judgment W. P. Kellogg, under whom the plaintiff claims, became the owner of the land, subject to the incumbrance, and desiring to pay off the judgment and remove the encumbrance he applied to one Meredith, who was the attorney of record for the judgment plaintiff, and paid to him the amount of the judgment, including interest and all costs, except about six dollars due as clerk's costs, which latter was due to defendant Chandler, who was clerk of said state court when the proceedings resulting in said judgment were had. Meredith gave Kellogg a receipt in full for the amount of the judgment, interest and costs.

There is a conflict between Kellogg and Meredith as to the question how, and by whom, the clerk's costs were to be paid; Kellogg saying that Meredith promised to pay them, and Meredith insisting that Kellogg agreed to do so. The clerk to whom the costs were due (defendant Chandler) had gone out of office and was not then in Nebraska. When he subsequently returned and learned that Meredith had receipted in full for the judgment and costs, he called upon him and demanded his costs, which, not being paid, he applied to his successor in the clerk's office and procured the issuance of an execution therefor, under which the land in question was sold and bought in by Chandler. The sale was afterwards confirmed by said district court, by which it is claimed that certain grave irregularities were cured. A deed was made by the sheriff to Chandler, who afterwards conveyed to defendant Paxton. Five years after the judgment Kellogg moved to set aside the sale. The motion was overruled, but upon what ground does not appear.

1. It is insisted that the matters complained of by the plaintiff were finally adjudicated in the state court by the order confirming the sale and the subsequent order overruling the motion to set the sale aside. This renders it necessary for us to determine what is the effect of an order of confirmation in such cases. The rule that where a court has jurisdiction of a cause, but has committed errors in its proceedings, its judgment

is nevertheless final, if not appealed from, does not apply here. The order of confirmation cures all irregularities in the mode of making the sale, but can add nothing to the authority of the officer to make it. If the sale was without authority the ratification of it by the court must be considered as having been given inadvertently. "If given deliberately, and on a full examination of all the facts, still it must be regarded as an unauthorized proceeding." *Shriver's Lessee* v. *Lynn*, 2 How. 60.

Nor is the plaintiff or his grantor estopped by the subsequent order of the state court overruling the motion to set aside the confirmation of the sale. No greater validity was given to the sale by the latter order than by the original confirmation. Besides, that motion was made five years after the sale; and it is clear that the state court had, at that late day, no jurisdiction to entertain it. We must presume that it was overruled because it was made too late. It does not, however, follow that it is too late for a court of equity to grant relief if the plaintiff is entitled to it.

2. The validity of the sheriff's sale under which defendants' claim is attacked first upon the ground that the judgment was satisfied by the plaintiff therein, and that, therefore, the sale was void. The proof clearly shows that the attorney for the plaintiff executed to Kellogg a receipt in full for the judgment, interest and costs. This receipt may be explained by parol proof, and on explanation it is shown that the costs due Chandler, though receipted for, were not in fact paid. It remains, however, clear from the evidence that Meredith and Kellogg both intended that the receipt should satisfy the judgment and remove the encumbrance, notwithstanding the non-payment of Chandler's costs. Had they the power to accomplish this? I think it clear, under the authorities, that in the absence of statutory regulation only the plaintiff in a judgment, or his attorney or agent, has the power either to satisfy it, or direct its enforcement by execution. In this case Chandler (the clerk) was not the plaintiff, nor was he a party to the judgment. There was, in fact, no judgment for any particular sum as costs.

*Johnson* v. *Anderson*, 4 Wend. 474, is in point. That was,

like the present, a case where the judgment had been paid except certain costs, and the sheriffs to whom the costs were due undertook to sell property on execution for the purpose of collecting them. The court said: "It is not denied that the judgment was satisfied before the sale (except as to the sheriff's fees on the execution) by a settlement between the parties. * * * * * The sheriff had no right to sell for the purpose of collecting his fees after due notice of the settlement and discharge of the judgment. The sheriff has no interest in the judgment which will authorize him to interfere with or control any settlement or agreement which the parties may think proper to make. His fees are no part of the judgment. They are but an incident to it, and if the judgment itself is satisfied or discharged he must look to the plaintiff and his attorney for his fees. He cannot collect them from defendant by a sale of his property." And it was held that the purchaser at the sale in that case took nothing. To the same effect see *Lewis* v. *Phillips*, 17 Ind. 108, and *Hampton Ex parte*, 2 Gr. (Iowa,) 137.

In the absence of statutory regulation the clerk has no authority to issue execution without the direction of the plaintiff or his attorney. Herman on Executions, 66. This must be upon the ground that the clerk is not a party to the judgment, and has no control over it.

It is said in answer to these suggestions that Chandler obtained authority from the attorney of the judgment plaintiff to issue the execution. If this be so, it does not help the defence, because that attorney had previously given Kellogg a satisfaction in full of the judgment, upon which satisfaction the latter was relying for the security of his title. To say that the attorney for the judgment plaintiff could execute a valid release to Kellogg, and then, without notice to him, cancel it, and authorize Chandler to issue execution and sell Kellogg's land, would be to sanction a gross fraud.

In selling property under an execution a sheriff acts by virtue of a power, and if the power does not exist no title passes. *Carpenter* v. *Stilwell*, 11 Kernan, 61; *Laval* v. *Rowley*, 17 Ind. 36.

My conclusion is that at the time of the settlement between Kellogg and Meredith the latter, as agent for the plaintiff in the judgment, intended to and did cancel and satisfy the judgment, and remove the lien from the land in question. The judgment being satisfied, the sale was void and no title passed. There are other and probably fatal objections to the defendants' title—as, for example, the want of an appraisement and of sufficient notice of the sheriff's sale—but these need not be considered, as what I have said is decisive of the case.

Decree for plaintiff in accordance with the prayer of the bill.