Burton *et al. v.* Reagan *et al.*

No. 7942.

BURTON ET AL. *v.* REAGAN ET AL.

PROMISSORY NOTES.—*Pleading.—Answer.—Real Estate.—Mortgage.—Release.—Fraud.—Notice.*—An answer by the makers of promissory notes, that they were given for balance of purchase-money of real estate; that by a decree of foreclosure it had been ordered that they pay the amount in suit to a mortgagee for prior purchase-money; that before the sale and conveyance to them the mortgagor had, by fraud, procured a release from the mortgagee, of which fraud they had no knowledge at the time of their cash payment of purchase-money and of their acceptance of the conveyance; that notice of the foreclosure suit was given by them to the plaintiffs; that their vendor was and still is insolvent; and that the plaintiffs had notice of the rights of the mortgagee before the notes were assigned to them by the mortgagor, is insufficient on demurrer.

SAME.—*Notice of Suit.—Makers of Notes Must Defend.—Judgment.*—Such notice by the defendants to the holders of notes does not make them parties; and the judgment is not binding upon them, although they may have caused an appeal in the defendants' names to be taken therefrom to the Supreme Court, and prosecuted to affirmance. The makers of the notes must defend and maintain them.

SAME.—*Release Obtained by Fraud.*—As between the parties thereto, a mortgage exists in full force, unaffected by a release which has been obtained by fraud from the mortgagee by the mortgagor.

SAME.—*Innocent Purchasers.—Mortgage Lien. — Fraud.* — Innocent purchasers of land take it discharged of a mortgage lien which has been released, although the release may have been obtained by fraud.

SAME.—*Notice Before Payment Sufficient.*—Notice before actual payment of all the purchase-money is equivalent to notice before the contract, and when there has been partial payment the purchaser will be affected, *pro tanto,* as to the residue.

SAME.—*Presumption.*—Notice of the fraud being admitted, in the absence of any averment that the conveyance to the defendants contained covenants of warranty, or that their vendor exhibited the release to them, or that they knew it had been obtained, or that they relied upon it, or that he practiced any fraud upon them, or that he made any statement or representation to them as to his title, the Supreme Court must presume that they took the land subject to the unpaid purchase-money, secured by the mortgage, and not as innocent purchasers, and hold that their answer contains no defence.

From the Owen Circuit Court.

*F. J. Van Vorhis,* for appellants.
*W. R. Harrison* and *W. E. McCord,* for appellees.

Burton *et al. v.* Reagan *et al.*

MORRIS, C.—This suit was commenced in the Morgan Circuit Court, and removed by change of venue into the Owen Circuit Court. The complaint is upon two promissory notes, executed on the 14th day of April, 1873, by Jesse Reagan and John W. Reagan to Sylvester and Leander Johnson, for $500 each, one payable on the 1st day of January, 1876, and the other on the 1st day of January, 1877, and assigned by the payees to the appellants. The suit was commenced against the Reagans, the makers of the notes, but subsequently, at his instance, John W. Hadley, as assignee of Thomas W. Hadley, was made a party defendant.

The Reagans answered the complaint in two paragraphs, to which the appellants demurred separately. The demurrer to the first paragraph was sustained; to the second it was overruled. Hadley answered the complaint in one paragraph, to which a demurrer was filed and overruled.

The appellants replied to the answer of the Reagans in two paragraphs. The first was a general denial. To the second paragraph of the reply, the appellees, Reagans, demurred. The demurrer was sustained. The appellants replied to the answer of Hadley in four paragraphs, the first being the general denial. Hadley demurred to second, third and fourth paragraphs of the reply and his demurrer was sustained. The cause was submitted to the court for trial; finding for the appellees. The appellants moved the court for a new trial, on the ground that the finding was not sustained by the evidence, and was contrary to law. The court overruled the motion. The evidence is made part of the record by a bill of exceptions. Proper exceptions were also taken to the rulings of the court on the demurrers to the several answers of the appellees, and to the replies of the appellants. The errors assigned are, that the court erred in overruling the demurrers to the answers of the Reagans and Hadley, and in sustaining the demurrers to the replies of the appellants; also, in overruling their motion for a new trial.

The second paragraph of the answer of the Reagans admitted the execution of the notes sued on, and their assignment to the appellants, and then stated, in substance, that the consideration of said notes was the sale and conveyance by the payees to the makers, of certain real estate; that in 1865, one Thomas W. Hadley, being the owner of said real estate, sold and conveyed the same to Sylvester Johnson for the sum of $9,000; that said Johnson executed to said Hadley a mortgage on said real estate, to secure the unpaid portion of the purchase-money; that in April, 1873, there being $2,000 due Hadley on said mortgage, Sylvester Johnson, the mortgagor, to induce said Hadley to release said mortgage, falsely and fraudulently represented to him that he had negotiated a loan from an insurance company on said land, and all that was wanting to consummate the loan was a release of Hadley's mortgage; that, if Hadley would release it, he would procure the money and pay him the amount due on his mortgage—$2,000; that Hadley, believing the statement so made to him, did execute and deliver to Johnson a release of the mortgage, upon the agreement that, if he did not get the money and pay Hadley, the release was to be surrendered as invalid; that Johnson had not negotiated a loan at all, never intended to, and never paid Hadley, but, in violation of his agreement, sold and conveyed the land, the next day, to the Reagans, for $8,000, all of which was paid except two thousand dollars, for which the Reagans executed to him four promissory notes for $500 each, payable to said Sylvester and Leander Johnson; that the notes sued on are two of the notes so executed by said Reagans to said Johnsons; that at the time of the payment of the $6,000 of the purchase-money, and the acceptance of the conveyance of said land, the Reagans had no knowledge of the fraud practiced upon Hadley by said Johnson, but purchased the same in good faith; that said Johnson was then and is still insolvent; that said Hadley after-

ward commenced a suit in the Morgan Circuit Court against said Sylvester Johnson and the Reagans, which resulted in a judgment in favor of Hadley against said Johnson for the unpaid purchase-money due him on his mortgage, and a decree ordering and directing said Reagans to pay the amount of the notes in suit to said Hadley; that the Reagans, during the pendency of said suit, notified the appellants of it, and requested them to appear to the same and protect their interests; that the appellants did not appear to said suit, but, after it had been determined adversely to the Reagans, they promised not to sue the Reagans until the same should be decided by the Supreme Court, if the Reagans would allow an appeal to be taken in their names; that an appeal was taken to the Supreme Court, and the judgment of the court below affirmed. It is also averred that the appellants had notice of the rights of Hadley before the notes were assigned to them by the Johnsons.

We do not think that the notice given the appellants by the Reagans of the pendency of Hadley's suit against them and Johnson, made the judgment in the case binding upon them. It was for the Reagans to defend and maintain the notes which they had executed. They could not, by notice to the appellants, require them to defend their acts. What the notice contained, whether anything more than that a suit was pending, is not alleged. If the appellants were proper parties to the suit, they should have been made such in the proper way. The notice alleged to have been given did not make them parties, nor are they bound by the judgment.

The question is, do the facts stated show that Hadley had a right to require the Reagans to pay to him the $2,000 for which the notes in suit were given?

It is very clear, upon the facts stated, that the release of Hadley's mortgage was obtained by fraud. It is equally clear that, as between Hadley and Johnson, the mortgage still existed in full force, unaffected by said release. *Rea-*

*gan* v. *Hadley*, 57 Ind. 509 ; *Lilly* v. *Quick*, 1 Green Ch. 97 ; *Middlesex* v. *Thomas*, 5 C. E. Green, 39 ; *Grimes* v. *Kimball*, 3 Allen, 518 ; *Weir* v. *Mosher*, 19 Wis. 330 ; *Eggeman* v. *Harrow*, 37 Mich. 436 ; *Ellis* v. *Lindley*, 37 Iowa, 334. But, if the Reagans were innocent purchasers of the land, they took it discharged of the mortgage lien of Hadley. Were they innocent purchasers? Upon this subject, Sugden says :

"Notice, before actual payment of all the purchase-money, although it be secured, and the conveyance actually executed, or before the execution of the conveyance, notwithstanding that the money be paid, is equivalent to notice before the contract." 2 Sugden Vendors, 7th Am. ed., 533. The rule stated by Sugden has been approved and followed by this court in the case of *Dugan* v. *Vattier*, 3 Blackf. 245. In the case of *Lewis* v. *Phillips*, 17 Ind. 108, WORDEN, J. says : "There are few, if any, cases, holding that the payment of part of the purchase-money, before notice, although the purchaser has taken a conveyance, is sufficient to enable him to hold the land, as against him who has a prior equitable right. But, while this is the case, there is an evident tendency, in the decisions to afford the purchaser relief and indemnity, in a proper case, by giving him a lien upon the land, or rather, by permitting him to make use of his legal title to secure himself for the purchase-money paid before notice," etc.

Wade, in his recent work on Notice, sec. 60, says : "It is not always necessary that the notice should be actually received before the execution and delivery of the conveyance. It will be sufficient if given before the payment of the purchase-money, and when there has been partial payment before notice received, the purchaser will be affected *pro tanto*." *Hardin's Ex'rs* v. *Harrington*, 11 Bush, 367, is to the same effect.

The answer of the Reagans alleges that they received notice of the fraud practiced by Sylvester Johnson upon Had-

ley long before the commencement of this suit, and that at the time there was $2,000 of the purchase-money of the land unpaid, and that the notes in suit were given for a part of this unpaid purchase-money. These facts are not denied, but admitted, by their answer. It follows that the Reagans can not be regarded as innocent purchasers, and that, for that reason, the land must be held liable for the unpaid purchase-money due Hadley on his mortgage. If we adopt the rule as laid down by Wade, and held in *Hardin's Ex'rs* v. *Harrington, supra,* this would still be so as to the $2,000 of purchase-money unpaid at the time the Reagans received notice of the fraud practiced upon Hadley by Johnson.

But does the fact that the land is liable for the amount due on the Hadley mortgage, with the other facts stated in the answer of the Reagans, constitute a defence to the present suit? That this mortgage constitutes a valid incumbrance on the land sold by Johnson to the Reagans, and for which the notes sued on were given, is true. But did the Reagans buy the land free from, or subject to, the incumbrance? If they purchased the land free from the incumbrance, then the consideration of the notes has failed, and the answer must be held good; if the purchase was subject to the incumbrance, then the consideration of the notes has not failed, and the answer must be held to be bad. This question must be determined by the conveyance executed by Johnson to the Reagans.

The deed is not in the record, nor is it alleged in the answer whether or not it contained a covenant against incumbrances, or any covenants at all. We can not presume that it did. It was for the appellees to show that they were not liable upon their notes. The notes, *prima facie*, established their liability. If there were no covenants in the deed by which Sylvester Johnson conveyed the land to the Reagans, and no fraud was practiced by Johnson upon them in the procurement of the notes, the Reagans must be deemed to

have taken the land subject to the rights of Hadley. In the case of *Laughery* v. *McLean*, 14 Ind. 106, it is held that, in a suit on notes given for the purchase-money of land, an answer setting up a failure of title, without showing a breach of covenant or fraud, is bad on demurrer. The court say:

"The deed is not set out, nor is it averred in the answer that it contained any covenants of seizin, right to convey, or any other covenants whatever. If the deed contained any covenants that were broken, the original or a copy thereof should have been filed as the foundation of the defence." *Johnson* v. *Houghton*, 19 Ind. 359; Rawle Covenants, 3d ed., p. 614.

There is no averment in the answer that Johnson made any statement or representation to the Reagans, or either of them, as to his title to the land, or whether it was incumbered or not. Nor is it averred that he exhibited the release, which had been obtained from Hadley, to the Reagans. It does not appear that at the time they purchased of Johnson they knew that such release had been obtained, or that they in any way relied upon it. It is averred that, at the time the Reagans purchased, they knew nothing as to the fraud by which Johnson obtained the release. If they knew nothing about the release, they would not, of course, know anything about the means by which it had been procured. It is not shown by the answer that Johnson practiced any fraud upon the Reagans. We think, therefore, that their answer contains no defence, and that the demurrer to it should have been sustained. For the same, and the additional reason that Hadley has no interest in the controversy, we think his answer also bad.

The judgment below should be reversed.

PER CURIAM.—It is ordered that, upon the foregoing opinion, the judgment below be in all things reversed, at the costs of the appellees.