JAMES SARGENT, APPELLANT, *v.* THE EUREKA SPUND APPARATUS COMPANY, RESPONDENT, IMPLEADED WITH MARVIN WARREN.

*When a purchaser takes subject to the rights of a prior assignee — he is not entitled to protection as a* bona fide *purchaser beyond the amount actually paid before notice.*

When a purchaser is advised of a prior claim of another which denies to the seller, as against such other person, the right to make the sale, he should desist from proceeding further to complete his purchase, or if he thereafter proceeds in performance of his contract, he should do so subject to the equities of the party in whom rests the prior right. The character of a *bona fide* purchaser is not acquired unless the whole amount of the purchase-money is paid before the purchaser becomes chargeable with notice of the outstanding equity. So far only as the part performance is made in good faith, and no further, he may have protection or indemnity for reimbursement, and for that purpose a lien for the amount so paid.

The cases bearing upon this question cited by BRADLEY, J.

On February 2, 1885, one Warren, the inventor of what is called the "Eureka bung," assigned the invention to Bigelow, who, on June 19, 1885, assigned to the defendant company the letters-patent therefor which had been issued on June 16, 1885. Prior to the assignment to Bigelow an agreement had been made by Warren with the plaintiff, which, as between Warren and the plaintiff, gave to the latter rights which were violated by the assignment to Bigelow. Bigelow had no notice of this agreement until April 14, 1885, before which time he had paid upon the agreement, pursuant to which the assignment was made, $983.76, and had incurred a liability to pay to others the further sum of $653.87, the aggregate of which was, however, less than the amount which Bigelow had agreed to pay for the invention.

*Held,* that the company was only protected to the extent of the money actually paid and the liability incurred by Bigelow at the time he was notified of the agreement made with the plaintiff.

APPEAL from a judgment entered upon the decision of the court at the Monroe Equity Term dismissing the complaint on the merits.

*J. & Q. Van Voorhis,* for the appellant.

*J. N. Beckley,* for the respondent.

BRADLEY, J.:

The only question which seems here to require consideration is whether Bigelow, the defendant's assignor, was a *bona fide* pur-

chaser from Warren of the improvement called the "Eureka bung," of which Warren was the inventor, and what consequence may follow its determination.

The invention of the projected apparatus was assigned by Warren to Bigelow February 2, 1885. The letters-patent were issued June sixteenth, and on June 19, 1885, Bigelow assigned to the defendant company. Prior to the assignment to Bigelow an agreement had been made by Warren with the plaintiff which as between them gave to the latter rights which were violated by the assignment to Bigelow. These are assumed to be the facts upon the findings of the trial court for the purpose of this review, and it was there found that Bigelow had no notice of the agreement giving such right to the plaintiff until April 14, 1885, and that before then he had paid upon the agreement, pursuant to which the assignment was made to him by Warren, $983.76, and had incurred liability to pay others $653.87. These sums did not constitute the full amount Bigelow was required by the agreement to pay for the improvement. They were a part only of the purchase-price. The inquiry therefore arises as to the effect of partial performance only on the part of the purchaser, before notice of a prior equity or right of another in respect to the subject of the sale. It will be assumed that if Bigelow had, before he was chargeable with notice of such right of the plaintiff, paid the entire purchase-price his title would be protected. It is otherwise if he had such notice before his relation of *bona fide* purchaser was established. The trial court held that he was such at the time he was advised of the situation, although he had then paid a portion only of the purchase-money, and cites *Weaver* v. *Barden* (49 N. Y., 286). That case does not seem to support the proposition, nor do the cases cited by the defendant's counsel necessarily sustain his contention in that respect. The character of *bona fide* purchaser must be completed before his title will have protection as against an outstanding equity. And his payments or performance subsequent to the time he becomes affected by notice of it will be treated as in his own wrong, and not available as against such equity for any purpose.

The better reason would seem to be in support of the doctrine that when a purchaser is advised of a prior claim of another which denies to the seller, as against him, the right to make the sale, he

should desist from proceeding further to complete his purchase, or if he thereafter proceeds in performance of his contract, do so subject to the equities of such party in whom rests the prior right; otherwise such outstanding rights may be defeated with a facility seemingly unreasonable as well as unjust. It might be accomplished by the payment of any amount of the purchase-money before notice and in good faith. The view here entertained is that the character of *bona fide* purchaser is not completed unless the whole amount of the purchase-money is paid before the purchaser becomes chargeable with notice of the outstanding equity. While this rule may not have been distinctly declared by judicial authority in this State, there are cases here which bear in that direction and seem to support that proposition. (*Warner* v. *Winslow*, 1 Sandf. Ch., 430, 435; *Merritt* v. *Lambert*, Hoff., 166, 170; *Jewett* v. *Palmer*, 7 Johns. Ch., 65; *Frost* v. *Beekman*, 1 Johns. Ch., 288, 301; *Jackson* v. *Cadwell*, 1 Cow., 622, 631.) It has been so held in other States and in England. (*Nantz* v. *McPherson*, 7 T. B. Monroe, 597; 18 Am. Dec., 216; *Dugan* v. *Vattier*, 3 Black., 245; 25 Am. Dec., 105; *Lewis* v. *Phillips*, 17 Ind., 108; 79 Am. Dec., 457; *Burton* v. *Reagan*, 75 Ind., 77; *Warner* v. *Whittaker*, 6 Mich., 133; 72 Am. Dec., 65.) And this rule is applicable until the contract is fully performed. (*Bush* v. *Bush*, 3 Strob. Eq., 131; 51 Am. Dec., 675; *Doswell* v. *Buchanan*, 3 Leigh., 365; 23 Am. Dec. 280.) But so far as the part performance is made in good faith and no further he may have protection or indemnity for reimbursement and for that purpose a lien for the amount so paid. (*Stalker* v. *McDonald*, 6 Hill, 96; *Pickett* v. *Barron*, 29 Barb., 508; *Everts* v. *Agnes*, 4 Wis., 343; 65 Am. Dec., 314; *Hoffman* v. *Strohecker*, 7 Watts, 86; 32 Am. Dec., 740; *Rhodes* v. *Green*, 36 Ind., 10; *Beck* v. *Uhrich*, 13 Penn. St., 636; S. C., 16 id., 499; *Juvenal* v. *Jackson*, 14 id., 519; *Paul* v. *Fulton*, 25 Mo., 156.) The application of this doctrine permits no undue advantage and gives protection to the rights of the parties. And so far as these propositions may be applicable to the facts and situation of the parties as they may appear in this case they should govern its determination. This protection to the defendant company should cover the amount of the purchase-money for which Bigelow, by way of performance of his contract, had in good faith become legally liable to pay persons

other than Warren, and the amount actually paid by him upon it before he became chargeable with notice of the plaintiff's claim. The plaintiff seeks by this action the assignment to him of one-half only of the patent that he may realize from it the advantages furnished by his contract with Warren. The other half it would seem the defendant company may, if it so desire, retain subject to the provisions of such contract. And whether it does or not so elect, further consideration by way of adjustment of rights may arise which it is unnecessary here to consider. The parties if so disposed may agree upon a modification of the judgment so as to accomplish the result.

The judgment should be reversed and a new trial granted. Costs of this appeal to abide the final award of costs unless both parties consent and stipulate to modify the judgment so as to give effect to the views above expressed. And in that event the judgment be so modified and as modified affirmed, without costs of this appeal to either party.

Smith, P. J. and Haight, J., concurred.

So ordered.