### HEID v. EBNER et al.

(Circuit Court of Appeals, Ninth Circuit. October 3, 1904.)

No. 1,061.

1. PLEADING—DEMURRER TO ANSWER—ALASKA CODE.

Under Code Civ. Proc. Alaska, § 68 (Carter's Codes, p. 158, 31 Stat. 343, c. 786), which provides that "the plaintiff may demur to an answer containing new matter when it appears upon the face thereof that such new matter does not constitute a defense or counterclaim," a general demurrer to an answer on the ground that it did not state facts sufficient to constitute a defense was erroneously sustained where the answer consisted of two parts, the first of which denied the material allegations of the complaint, and the second pleaded a defense of new matter.

2. SAME—SUFFICIENCY—AVERMENT OF TITLE THROUGH EXECUTION SALE.

An answer pleading title through an execution sale, which contains averments of the judgment, execution sale thereon, confirmation, and the execution and recording of the marshal's deed to the property, is sufficient, against a demurrer or motion to make more definite and certain, without setting out in detail the proceedings relative to the execution and sale, any irregularity in which was cured by the confirmation.

Appeal from the District Court of the United States for the First Division of the District of Alaska.

This case is brought to this court upon appeal from a default judgment. The plaintiffs below (appellees here) instituted a suit in equity against the appellant to quiet title to their interests in certain mining claims near the town of Juneau, Alaska; alleging ownership and possession in themselves, and claiming title through one Willis Thorp, the grantee of the locators.

A demurrer to the complaint was overruled, and the defendant filed an answer denying that plaintiffs were ever the owners or in the possession, either actual or constructive, or entitled to the possession, of the premises in controversy. As a further defense, the defendant averred that while the said Thorp was the owner of said premises, on June 25, 1896, judgment was obtained against the said Thorp, and the said premises were sold by the United States marshal of the district, pursuant to said judgment, on June 2, 1898; that the defendant became the purchaser of said premises at this sale, and ever since has been, and now is, the owner thereof, and entitled to the possession of the premises; that on June 14, 1898, an order confirming the sale to defendant· was duly made by the District Court; that since said June 2, 1898, defendant has held and occupied said premises ·as mining claims, and has caused the annual work upon them to be done during each year as required by law; that the plaintiffs have not during said time had actual possession of said premises, or done or caused to be done the annual work required, nor ever done any act or thing with respect to said premises tending to claim or exercise ownership over or possession of said premises; that on September 17, 1900, the United States marshal executed and delivered his deed for the premises to the defendant, which deed was recorded in the proper office on October 1, 1900; that this sale to defendant was made long before the plaintiffs acquired their pretended title from the said Thorp. To this answer the plaintiffs demurred generally, on the ground that it did not state facts sufficient to constitute a defense. This demurrer was sustained by the court; it being treated as a motion that the answer be made more definite and certain, and the defendant given time in which to amend, by showing the issuance and levy of execution, and sale thereunder, and the steps necessary to the validity of the said sale. At the expiration of this time the defendant failed to amend his answer, and stated in open court that he did not intend to· further plead. The court thereupon adjudged the defendant to be in default of answer, and permitted the plaintiffs, at a stated time thereafter, to offer their evidence and proofs. Judgment and decree were entered in favor of the plaintiffs, quieting their title to the said mining claims.

John G. Heid, E. S. Pillsbury, Pillsbury, Madison & Sutro, and E. M. Barnes, for appellant.

W. E. Crews and Lorenzo S. B. Sawyer, for appellees.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

MORROW, Circuit Judge (after stating the facts). The errors relied upon by the defendant are the action of the trial court in sustaining plaintiffs' demurrer to defendant's answer, and in entering the default of the defendant for failure to amend his answer. Defendant's answer consisted of two parts: First, a 'denial of the material allegations of the complaint; and, second, a defense setting up new matter.

The demurrer to the answer was general, on the ground that it did not state facts sufficient to constitute a defense. Section 68 of the Code of Civil Procedure of Alaska (Carter's Codes, p. 158, 31 Stat. 343, c. 786) provides that "the plaintiff may demur to an answer containing new matter when it appears upon the face thereof that such new matter does not constitute a defense or counterclaim." This provision is identical with that of section 78 of the Code of Civil Procedure of Oregon, from which Code the Alaska Code was copied. In Toby v. Ferguson, 3 Or. 28, the Supreme Court of Oregon had before it an action for false imprisonment. The defendant had denied some of the allegations of the complaint, and had made further answer. The plaintiff demurred to this further answer. The court found that a portion of this further answer was well pleaded and amounted to a defense, and

that, as the demurrer struck at the whole of the further answer, it should be overruled. In the present case the demurrer was to the whole of the answer, and should have been overruled, first, because the answer denied the material allegations of the complaint, and to that extent was good pleading; and, second, because the demurrer was not directed to the new matter set up in the answer, as required by the Code.

The order of the court sustaining this demurrer recited that the court treated the demurrer also as a motion to make the answer more definite and certain. But this recital did not dispose of the issue raised by the general denial of the answer, nor did it confine the demurrer to the new matter in the answer. Moreover, the direction of the court that the defendant should make his answer more certain, by alleging and showing the issuance and levy of execution and sale thereunder, and the steps necessary to the validity of the sale alleged in the answer, was error. It is the general rule in the United States that the confirmation of a judicial sale by a court of competent jurisdiction cures all irregularities in the proceedings leading up to or in the conduct of the sale, and that while such a sale will be set aside where fraud, mistake, or surprise is shown, mere irregularities in the preliminary proceedings do not render the sale invalid, and will not suffice to set it aside after confirmation. Wills v. Chandler (C. C.) 2 Fed. 273; Cooper v. Reynolds, 10 Wall. 308, 19 L. Ed. 931; Ludlow v. Ramsey, 11 Wall. 581, 20 L. Ed. 216; Stockmeyer v. Tobin, 139 U. S. 176, 11 Sup. Ct. 504, 35 L. Ed. 123. The laws of Alaska are in accord with this general rule. Section 283 of Carter's Codes of Alaska, pt. 4, provides, in subdivision 4 (31 Stat. 379) thereof, "An order confirming a sale shall be a conclusive determination of the regularity of the proceedings concerning such sale, as to all persons, in any other action or proceeding whatever." In the present case, where the sale under which defendant claims title was not directly attacked on equitable grounds, but where the demand was merely that the defendant should set forth the nature of his title, the answer, containing averments of the judgment, execution sale thereon, confirmation thereof, and the execution and recordation of the marshal's deed to the property, under which he claims title, was sufficient.

It follows, therefore, that the default judgment was improperly rendered. The judgment is reversed, and the court below directed to set aside the default, overrule the demurrer to defendant's answer, and proceed with the trial of the cause.