Charles F. LUNSFORD and Joan Lunsford,
Appellants,

v.

KAISER GYPSUM COMPANY, INC.,
Appellee.

No. 1915.

Supreme Court of Alaska.

Nov. 23, 1973.

Barry Donnellan, Edgar Paul Boyko &
Associates, Anchorage, for appellants.

Peter B. Walton and Donna C. Willard,
Walton & Willard, Anchorage, for appel-
lee.

Before RABINOWITZ, Chief Justice
and CONNOR, ERWIN and BOOCHEV-
ER, Justices.

OPINION

PER CURIAM.

Kaiser Gypsum obtained a judgment of
$18,601.32 against Charles and Joan Luns-
ford on March 29, 1972, and on May 24,
1972, levied upon four parcels of real prop-
erty owned by them on the date of judg-
ment. Notices of public sale were posted
on June 1, 1972 at the District Court bulle-
tin board and two United States Post Of-
fices by Francis X. Wirth who had been
employed by the plaintiff to carry out the
execution and sale. Additional notices
were published in the Anchorage Daily
News over a period of four weeks. There
is no dispute that these procedures were
adequate. The controversy concerns the
events surrounding the sale itself.

On June 29, 1972, the day of the public
sale, Peter Walton, attorney for the judg-
ment creditor, Kaiser Gypsum, contacted
Wirth and requested the sale be delayed
one day, until June 30. Wirth's affidavit
recited that he went to the courthouse
where the sale was to be held, publicly
gave notice that it would be postponed one
day, and placed written notices of the post-
ponement at the three locations where the
sale had been initially advertised. Returns
of service were filed. The affidavit also
stated that Mr. Wirth remained in the vi-
cinity of the scheduled place of sale for
approximately fifteen minutes and that he
did not see Charles Lunsford, with whom
Wirth was familiar. Lunsford swore in an
affidavit that he had been present at the
courthouse at the scheduled time of 10:00
a. m. and that no public proclamation of
postponement had been made.

On June 30, the sale took place in ac-
cordance with the re-notices posted by
Wirth. Mr. Walton, the only bidder
present, offered a total of $16,001.00 for
the property on behalf of Kaiser Gypsum.
A motion for an order confirming the sale
was filed the same day by Walton, and the
order was issued July 25, 1972 by Presid-
ing Judge James Fitzgerald.

A motion to set aside the sale was sub-
mitted by the Lunsfords on November 28,

1972 alleging that the sale proceedings had not complied with AS 09.35.160. Argument was heard by Superior Court Judge Edmond Burke who denied the motion in an order dated January 9, 1973. Notice of Appeal from this ruling was filed two weeks thereafter. Appellee promptly offered to have a complete evidentiary hearing, but this offer was rejected by appellants.

The Lunsfords raise a single point: the conduct of the execution sale did not comply with the requirements of AS 09.35.160. Kaiser Gypsum, besides responding to this contention, argues that confirmation of the sale cured any irregularity in the sale proceeding. We agree.

The effect of a valid confirmation order [1] is to insulate the sale procedure from subsequent challenge based upon a mere irregularity in the conduct of the sale.[2] Kaiser Gypsum entered a motion for confirmation on June 30, the day of the postponed sale. The order was issued July 25, 1972.

The record does not show that the Lunsfords were served with the motion for confirmation, but because the Lunsfords had defaulted on the underlying claim, no service is required under Civil Rule 5(a).[3] The order of confirmation issued on July 25, 1972 is thus a conclusive determination of the regularity of the sale in this case.

The decision of the trial court is affirmed.

FITZGERALD, J., not participating.

---

1. Confirmation is authorized by AS 09.35.180 which provides in part:

   (a) Where real property executed upon has been sold, the judgment creditor may, upon motion, apply for an order confirming the sale. The judgment debtor may object to the confirmation of the sale on the grounds that there were substantial irregularities in the proceedings of sale which caused probable loss or injury to the judgment debtor.

   .   .   .   .   .

   (d) An order confirming a sale is a conclusive determination of the regularity of the proceedings concerning the sale, as to all persons, in any other action or proceeding.

2. Lesamis v. Greenberg, 225 F. 449, 453 (9th Cir. 1915); Cowden v. Wild Goose Mining & Trading Co., 199 F. 561, 566 (9th Cir. 1912).

   In Heid v. Ebner, 133 F. 156, 158 (9th Cir. 1904), the general rule is set out in the following language:

   It is the general rule in the United States that the confirmation of a judicial sale by a court of competent jurisdiction cures all irregularities in the proceedings leading up to or in the conduct of the sale, and that while such a sale will be set aside where fraud, mistake, or surprise is shown, mere irregularities in the preliminary proceedings do not render the sale invalid, and will not suffice to set it aside after confirmation .   .   .   .

3. Alaska R.Civ.P. 5 provides in part:

   (a) *Service—When Required.* Every order required by its terms to be served, every pleading subsequent to the original complaint unless the court otherwise orders because of numerous defendants, every written motion other than one which may be heard ex parte, and every written notice, appearance, demand, offer of judgment, and similar paper shall be served upon each of the parties but no service need be made on parties in default for failure to appear except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons in Rule 4.