Nov. Term, 1848.

TYNER
v.
SOMERVILLE.

---

TYNER and Another *v.* SOMERVILLE and Another.—In error.

BILL in chancery to set aside a deed. Bill dismissed.

On the 21st of *February*, 1842, *John Somerville*, one of the defendants, conveyed to his son, *Andrew E. Somerville*, the other defendant, forty acres of land, with improvements upon them, situated in *Ripley* county, in this state, and worth 500 dollars, for the nominal consideration of one dollar. *John* took a bond at the same time from *Andrew*, conditioned for the support of himself and wife, by said *Andrew*, during their lives. These premises, so conveyed to *Andrew*, were the homestead of said *John*, and all the property, except a small amount of

personal, which he possessed. *Andrew* was, at the time of the conveyance, about twenty-one years of age, and does not appear to have had a family—*John*, and wife, over seventy. *Andrew* was at that time, also, and had previously been, living with his parents on the place, and he continued to reside with them on the premises as before, after the conveyance. This arrangement was made pursuant to a parol agreement made some years previous. *John* was, at the time of the conveyance, a partner in trade with a son-in-law of his, *William E. Cheeney*, and as such was indebted to the plaintiffs in about 5,000 dollars more than the joint and several property of himself and *Cheeney* was worth. *Andrew* knew of his father's indebtedness.

*Held*, that a conveyance under such circumstances, and for such a consideration, is fraudulent, and will be set aside on the application of a creditor. *Crane* v. *Stickles et al.*, 15 Verm. 252.—*Jackson* v. *Parker*, 9 Cow. 73.—*Gunn* v. *Buller*, 18 Pick. 248.—*Jones* v. *Stanley*, 5 Harris & John. 372.

The decree is reversed with costs, &c.