Clift *et al. v.* Nay.

No. 12,351.

## CLIFT ET AL. *v.* NAY.

VENDOR AND PURCHASER.—*Rights of Third Persons.*—*Notice to Purchaser.*— *Inquiry.*—*Mortgage.*—*Satisfaction by Mistake.*—Where a mortgagee, by mistake and without consideration, has actually entered satisfaction of the mortgage on the margin of the record, notice given by him to a subsequent purchaser of the land from the mortgagor, who still owes a part of the purchase-money, that he has a claim on the land, and that the entry of satisfaction is a forgery, is sufficient to put such purchaser on inquiry, and further payment to his vendor is at his peril.

From the Henry Circuit Court.

*D. W. Chambers, J. S. Hedges* and *L. P. Mitchell*, for appellants.

*W. Grose*, for appellee.

MITCHELL, J.—All that is material to present the question for decision is the following statement, summarized from the facts as specially found by the court:

On the 13th day of May, 1878, Thomas B. Reeder owed Elias Nay $300, part of the purchase-price of a tract of land in Henry county. The debt was originally contracted to Nay and Elliott. It was secured by Reeder's note, and a duly recorded mortgage on the land for part of the purchase-price of which it was given. Elliott, prior to the date above mentioned, assigned his interest in the debt to Nay. On the date above mentioned, Nay and Elliott by mistake entered and signed on the margin of the record a formal release and satisfaction of the mortgage. This entry was duly attested by Reeder who was at the time county recorder. The release was made by mistake, without any consideration, under the impression that they were satisfying another mortgage. The note was not paid or satisfied, but both it and the mortgage were held as evidence of a subsisting debt by Nay. Afterward, on the 24th day of May, 1881, Reeder sold and conveyed the land mortgaged to the appellant Clift for the consideration of $2,500. Clift purchased in good faith, under

the belief that the mortgage debt was paid, relying on an abstract shown him by Reeder, which indicated that the mortgage was released and satisfied. Without any notice to the contrary, he paid all the purchase-money except $200. Before that was paid, Nay notified him of his mortgage on the land. Clift replied that Reeder had furnished him with an abstract, and in response Nay informed Clift that the release of his mortgage which appeared on the record was a forgery.

As a conclusion of law the court stated that the $200 of the purchase-price remaining unpaid, together with interest from the date of the notice by Nay to Clift, was a lien on the land by virtue of the mortgage satisfied as above stated. A decree was given accordingly. The conclusions of law were excepted to by Clift.

The only ground upon which a reversal is sought is, that the special finding of the court does not show notice of Nay's mortgage to the appellant before he paid the $200; that the finding amounts to nothing more than evidence tending to show notice.

We think the finding is more than evidence of notice. The finding of the court on that subject is as follows: "That afterward, on the —— day of June, 1881, and before he had paid the residue of the purchase-money in suit, he was notified by the said Nay that he had and held a claim upon said property, to which he replied that Reeder had furnished him a complete abstract, in response to which he was informed by the said Nay that the satisfaction of said mortgage on the record was a forgery."

It is contended in argument, that because the court found that the release was not a forgery, but had been made through mistake, therefore Clift had a right to disregard what he was told, and rely on the genuineness of the signatures to the release. We do not think this follows. The purchaser was notified by Nay that he held a claim on the land, and that the release of the mortgage which appeared on the record was a forgery. This was enough to put the appellant on in-

quiry. He could not thereafter pay the unpaid purchase-money to Reeder and depend upon a mere techincal inaccuracy of expression employed by the appellee. Doubtless, if further inquiry had been made, the truth would have been fully ascertained. Having been notified of the appellee's claim, and that the release and satisfaction of the mortgage as shown by the record was not recognized as genuine, if the appellant chose to pay without further inquiry he did so at his own peril.

Satisfaction having been entered by mistake and without consideration, it was not operative between the parties, or in favor of a subsequent purchaser with notice. A purchaser who receives notice of the rights of another, before full payment, is not a good faith purchaser without notice, to the extent that the purchase-price remains unpaid. *Burton* v. *Reagan*, 75 Ind. 77, and authorities cited; *Anderson* v. *Hubble*, 93 Ind. 570 (47 Am. R. 394).

The judgment is affirmed, with costs.

