### SPIERS v. WHITESELL ET AL.

[No. 3,930.    Filed June 26, 1901.]

FRAUDULENT CONVEYANCE.—*Deed.*—*Nominal Consideration.*—*Agreement to Support Grantor.*—A conveyance of real estate for the nominal consideration of one dollar, with "the further agreement" that grantee "should care for and support grantor by giving him a home, support for life, * * * and burial and suitable tombstone at his grave, and for no other consideration whatever," is without consideration, and is void as against one who was a creditor of grantor at the time it was made, and whose claim was reduced to judgment a few weeks thereafter. *pp. 205, 206.*

SAME.—*Complaint.*—*Grantee's Knowledge of Fraud.*—In an action to set aside a conveyance as fraudulent, it is not necessary that the complaint allege fraud or knowledge of fraud on the part of a grantee who took without consideration. *p. 205.*

From Monroe Circuit Court; *W. H. Martin,* Judge.

Action by Sarah Spiers against William Whitesell and others, to set aside a deed from Whitesell to his codefendants, as fraudulent. From a judgment for defendants plaintiff appeals. *Reversed.*

*J. E. Henley* and *J. B. Wilson,* for appellant.
*R. W. Miers* and *E. Corr,* for appellees.

Spiers *v.* Whitesell.

Roby, J.—The third paragraph of the appellant's complaint sought to set aside a conveyance of real estate by a father to his daughter "for a colorable consideration of $1, with the further agreement" that she "should care for and support him by giving him a home, support for life, clothing, care, and attention, and a decent burial and suitable tombstone at his grave, and for no other consideration whatever". The pleading is conceded to contain all averments necessary to set aside the conveyance, in favor of appellant, who was a creditor of the father at the time it was made, and whose claim was reduced to judgment a few weeks later, if it is not necessary to charge the daughter with notice of the alleged fraudulent intent. The question for decision then is whether the daughter is shown to have taken the conveyance without paying the consideration.

It is not necessary in an action to set aside a fraudulent conveyance to allege fraud or knowledge of fraud on the part of the grantee who takes without consideration. *McAninch* v. *Dennis,* 123 Ind. 21.

The conveyance of real estate upon the nominal consideration of $1, and the execution of a bond conditioned for the support of the grantor and his wife is, as against creditors, fraudulent. *Tyner* v. *Somerville,* 1 Ind. 175; 14 Am. & Eng. Ency. of Law (2nd ed.) 246, and note.

When the grantee receives notice of the fraudulent purpose of the grantor before full payment of the purchase money he is chargeable with knowledge of the intent as to the amount unpaid. *Rhodes* v. *Green,* 36 Ind. 7; *Seager* v. *Aughe,* 97 Ind. 285; *Anderson* v. *Hubble,* 93 Ind. 570, 47 Am. Rep. 394; 2 Pomeroy's Eq., §750; *Gallion* v. *McCaslin,* 1 Blackf. 91; *Routh* v. *Spencer,* 38 Ind. 393, 400; *Dugan* v. *Vattier,* 3 Blackf. 245; *Lewis* v. *Phillips,* 17 Ind. 108, 79 Am. Dec. 457; *Burton* v. *Reagan,* 75 Ind. 77; *Clift* v. *Nay,* 105 Ind. 355.

In 1861 the Supreme Court noted "an evident tendency, * * * to afford the purchaser relief and indemnity, in

a proper case, * * * by permitting him to make use of his legal title to secure himself for the purchase money paid before notice, and for improvements made on the land." *Lewis* v. *Phillips, supra,* p. 113.

The conveyance is now set aside only upon the condition that the equities of the purchaser, who was guilty of no actual fraud, be protected. *Smith* v. *Selz,* 114 Ind. 229.

One who has not paid all the purchase price is not a *bona fide* purchaser. *Hawes* v. *Chaille,* 129 Ind. 435; *Hunsinger* v. *Hofer,* 110 Ind. 390.

That the creditor might in a proper case compel the application of the unpaid part of the purchase money to the payment of his claim is in no wise inconsistent with the proposition stated; if that was his sole remedy the debtor could easily make it worthless, as indeed in this case.

That a fraudulent transfer to one who has no notice of the fraud may be set aside at the suit of the creditor, before full payment of the purchase price is so firmly established by authority and so thoroughly in consonance with fair dealing and common honesty as to be beyond question.

So far as the pleading shows the actual purchase price of the real estate in question is entirely unpaid.

It is argued that during the few weeks intervening between the conveyance and the institution of this action some service had been rendered by the daughter to the grantor, her father. If this were conceded it would afford a basis upon which the court at final judgment might impose terms.

The judgment is reversed, with instructions to overrule the demurrer to the third paragraph of complaint, and for further proceedings not inconsistent herewith.