MURRAY ET AL. *v.* SUMNER ET AL.

[No. 10,178. Filed December 16, 1919.]

FRAUDULENT CONVEYANCES.—*Husband and Wife.—Burden of Proof.* —Where a husband, shortly after wrongfully killing a man, made a deed to his wife, leaving no property with which to pay his general creditors, or any claim growing out of such killing, the burden of proof, in an action to set aside such deed, rests upon the grantee to show an actual indebtedness owing by grantor to her.

From Pike Circuit Court; *John L. Bretz,* Judge.

Action by Eva Sumner and others against John N. Murray and others. From a judgment for the plaintiffs, the defendants appeal. *Affirmed.*

*H. W. Carpenter,* for appellants.
*Frank Ely* and *John L. Sumner,* for appellees.

ENLOE, J.—This was an action by appellees and against the appellants to set aside, as being fraudulent, a conveyance of certain real estate.

The complaint, which was in two paragraphs, was answered by appellant John N. Murray, first in general denial; second, denying any fraudulent intent and alleging that said conveyance was made upon a valuable consideration, and in fulfillment of certain promises theretofore made. The appellant Favillie

Murray filed answer in four paragraphs, to the third of which a demurrer was sustained. The first paragraph of her answer was in general denial, and the second and fourth each denied any fraud, or knowledge of fraudulent intent, and alleged that the conveyance was made to her upon a valuable consideration, etc. Reply by appellees to these affirmative paragraphs of answer closed the issues. The cause was submitted to the court for trial, which made a general finding in favor of appellees, and entered a decree cancelling said deed.

The only error assigned is the action of the court in overruling motion for new trial. The reasons for a new trial, as set forth in said motion, require us, in the determination of this case, only to consider whether the decision of the court is sustained by sufficient evidence.

It appears from the record in this case that on June 26, 1916, the appellant John N. Murray was the owner of certain lands in Pike county, Indiana; that on said date said John N. Murray shot and killed one Carl Sumner, at and in said county; that thereafter he immediately fled to another county and, while in said county and before his arrest, he did, on June 29, 1916, execute and attempt to convey to his wife, Favillie Murray, his coappellant herein, all of his lands; that thereafter said John N. Murray was convicted of the crime of murder in said killing, and sentenced to be confined in the state prison for life; that, after he had thus made this conveyance, he had no property left with which to pay creditors; that the appellees are, respectively, widow and son of said Carl Sumner, so killed by appellant, and that shortly after said killing appellee Eva Sumner, as the admin-

istratrix of the estate of Carl Sumner, brought suit for the damages sustained by herself and child by reason of such killing of her said husband, in which suit she obtained a judgment against appellant John N. Murray for the sum of $2,000; that execution had been issued thereon, returned "no property found." This suit was then brought to set aside said deed, so that said lands might be subjected to sale to satisfy said judgment.

The appellants sought to avoid the setting aside of said deed, by asserting that said lands were conveyed by said John N. Murray to his wife, Favillie Murray, in payment of a pre-existing indebtedness owed by said Murray to his said wife.

The appellant John N. Murray, in his testimony, told of the execution of the deed, and of his alleged indebtedness to his wife. The wife was not present when the deed was made, and knew nothing of its having been made until some time afterwards. Appellant John N. Murray was the only witness testifying directly to the facts of the alleged indebtedness, and he attempted to relate in his evidence the circumstances thereof in detail.

It is not contended by counsel for the appellants that the appellees did not, in the presentation of their case in chief, make out a *prima facie* case, but, if we get the force of their argument, their contention is that, "as fraud is never presumed, but must be clearly proven," the burden of proving the fraud rested upon the appellees at all stages of the trial.

In *Burt* v. *Timmons* (1887), 29 W. Va. 441, 2 S. E. 780, 6 Am. St. 664, it was said: "A fraud upon creditors consists in the intention to prevent them from recovering their just debts by an act, which with-

draws the property of the debtor from their reach.
\* \* \* It is often said, that fraud must be proved
and is never to be presumed. This is true, only when
understood as affirming, that a contract or conduct
apparently honest and lawful must be treated as such,
until it is shown to be otherwise by evidence either
positive or circumstantial; but fraud may be inferred
from facts calculated to establish it; and fraud should
be so inferred, when the facts and circumstances are
such as to lead a reasonable man to the conclusion
that an attempt has been made to withdraw the prop-
erty of the debtor from the reach of his creditors with
the intent to prevent them from recovering their just
debts; and, if *prima facie* such fraudulent attempt is
thus established, it may be regarded as conclusively
established, unless it is rebutted by facts and circum-
stances, which are proven. \* \* \* Transactions
between father and child, brother and sister, husband
and wife, or between others, between whom there
exists a natural and strong motive to provide for a
dependent at the expense of honest creditors, if such
transaction is impeached as fraudulent, may be shown
to be fraudulent by less proof, and the party claim-
ing the benefit of such a transaction is held to a fuller
and stricter proof of its justice and fairness, after
it has been shown to be *prima facie* fraudulent, than
would be required, if the transaction was between
strangers. \* \* \* A transfer of property either
directly or indirectly by an insolvent husband to his
wife is justly regarded with suspicion; and unless it
clearly appear to have been entirely free from wrong
intent to withdraw the property from the husband's
creditors, or the presumption of fraud be overcome
by satisfactory affirmative proof, it will not be sus-
tained.''

In Bump on Fraudulent Conveyances, §66, it is said: "The grantee need not prove the payment of the consideration until the fraudulent intent of the grantor is shown, but when that is shown, it is encumbent on him to establish the payment by competent evidence, for the proof is almost exclusively within his knowledge and power   *   *   *.   The facility with which a fictitious payment may be fabricated renders it necessary for him to produce all the proof which may reasonably be supposed to be in his power of the reality and fairness of the transaction, and the want of clear proof is evidence of fraud."

In the case of *Bank of Colfax* v. *Richardson* (1899), 34 Ore. 518, 54 Pac. 359, 75 Am. St. 664, it was said: "The conveyance, and the circumstances under which it was made, bear the semblance of an attempt to cover up the property, and it was therefore, the defendant's duty to show that it was made in good faith, and for a valuable consideration.   *   *   *   'Any other rule, where property has been shifted from one member of a family to another, and creditors left unprovided for, would lead to the most flagrant frauds.   The creditors could not show that the indebtedness claimed to be the consideration of the transfer did not exist.   They could do no more than to inquire when and under what circumstances it was created; and, unless the recipient of the property could give a clear and precise account of the items constituting it, they should have the right to ask the court to infer that it was a sham and a pretense; otherwise property might be put beyond the reach of creditors with impunity."

In the case of *Flint* v. *Chaloupka* (1907), 78 Neb. 594, 111 N. W. 465, 13 L. R. A. (N. S.) 309, 126 Am. St. 639, it was said: "It is a well-established rule that,

where a transfer of land is made by a debtor to a near relative in consideration of a past due indebtedness, the burden rests upon the grantee in a creditor's suit to show that the debt was genuine, that his purpose was honest, and that he acted in good faith in obtaining title. Such transactions are looked upon with suspicion, and the suspicion continues until the grantee shows the good faith of the transfer by clear and satisfactory evidence. * * *. When the testimony relied upon to show good faith is given by interested relatives only, the reasonableness or unreasonableness of their evidence has considerable weight in arriving at a just conclusion.''

In the case of *Morgan* v. *Kendrick* (1909), 91 Ark. 394, 121 S. W. 278, 134 Am. St. 78, it was said: ''The circumstances thus surrounding this deed and the alleged transaction between father and sons are sufficient to arouse suspicion and to throw doubt upon them as legitimate contracts. The circumstances of this case and the relation of the parties make out a *prima facie* case of fraud which impeaches the consideration of the deed, which has not been overcome by any testimony in the case.''

In cases like the one at bar, it is so well settled as to need no further citation of authority that, after the fact of the execution of the deed of conveyance to a near relative is proved, leaving no property with which to pay his general creditors, a sufficient case has been made to put the other parties to the proof of an actual indebtedness owing by grantor to grantee. The grantee has this burden. In this case we have read all the testimony given on the trial, as the same is contained in the bill of exceptions, and, after a reading of the same, it is our opinion that the

finding of the court is amply sustained by the evidence.

The judgment of the Pike Circuit Court is therefore affirmed.