THEODOSIA HOEF, Plaintiff in Error, *vs.* JOHN HOEF, Defendant in Error.

*Opinion filed October 28, 1926.*

1. HUSBAND AND WIFE—*an improvement made by husband on wife's property is presumed a gift.* Where an improvement is constructed by a husband upon property of the wife the law raises the presumption that the improvement is intended as a gift.

2. DIVORCE—*an alleged confession of third party in adultery charge is not admissible.* Where a husband, who is defendant in a suit for separate maintenance, files a cross-bill for divorce on the ground of infidelity and adultery, an alleged confession of one who is named in the cross-bill as the party with whom the infidelity was committed is not admissible in evidence, as it is a statement of one who is neither a party to the record nor in privity with the person against whom it is sought to be used and is hearsay.

3. SAME—*mere possession of love letters is not proof of infidelity.* In a suit for divorce on the ground of infidelity and adultery mere possession of letters couched in endearing terms does not constitute proof of infidelity, where there is no evidence by proof *aliunde* the letters themselves that the party in possession of the letters, by some reply, statement or act done, encouraged the writer, as the rule that silence constitutes assent to verbal communications in certain cases cannot be applied to make retention of such letters a necessary implication of assent to their contents.

4. SAME—*what proof necessary to justify divorce on adultery charge.* To warrant a divorce on the ground of adultery the proof must clearly convince the mind affirmatively that actual adultery was committed, as nothing short of the carnal act can lay the foundation for such divorce.

WRIT OF ERROR to the Circuit Court of Randolph county; the Hon. J. F. GILLHAM, Judge, presiding.

WILLIAM M. SCHUWERK, and E. H. WEGENER, (WIL-
LIAM H. SCHUWERK, and WALTER J. SCHUWERK, of coun-
sel,) for plaintiff in error.

Mr. JUSTICE HEARD delivered the opinion of the court:

Plaintiff in error, Theodosia Hoef, and defendant in
error, John Hoef, were married in 1901 and resided to-
gether at Steeleville, Randolph county, until April 5, 1924,
at which time he left the home where he had been residing
with his wife and three children, Verna, Milton and Wil-
bert, aged, respectively, eighteen, fifteen and twelve years
at the time of the trial. Thereafter plaintiff in error filed
her bill in the circuit court of Randolph county for separate
maintenance for herself and children. Defendant in error
answered, denying that he had failed to support his wife
and children and alleged that about August 1, 1922, his
wife was guilty of immoral conduct with John Curless.
He also filed a cross-bill for a divorce, based on her alleged
infidelity with Curless, and asked for the custody of the
children. Answer in denial being filed thereto, the cause
was heard by the court without a jury, and a decree en-
tered dismissing plaintiff in error's bill for separate main-
tenance for want of equity and granting defendant in error
a divorce on the ground of adultery. This decree is be-
fore this court for review upon writ of error sued out by
plaintiff in error.

The decree did not take from plaintiff in error the cus-
tody of the children but made no provision for their sup-
port. It did take from her, however, one-half of a lot
of land the title to which was in her name and of which
the evidence shows the initial payment was made with her
money. The title was taken in the husband and wife jointly
and the property was later deeded to a third party, who
afterwards deeded it to plaintiff in error. While the title
was in her name money was borrowed and a cheap dwell-

ing erected thereon. Where improvements are constructed by a husband upon property of the wife the law raises the presumption that the improvements are intended as gifts. *Maciejewska* v. *Jarzombek,* 243 Ill. 136.

Plaintiff in error and her children testified to their needy condition, while defendant in error claimed that they had credit at the stores on his account for all their necessaries, and he produced two storekeepers as witnesses, who corroborated him as to this fact during a portion of the time. He admitted that for the last sixty days he had not supported them, giving as his reason therefor that he was "broke" and could not pay the bills, notwithstanding which the decree finds that he has always amply and suitably provided clothing, food and the necessaries of life to plaintiff in error according to his ability and station in life.

Defendant in error introduced in evidence a copy of an alleged confession of Curless, which it is claimed by plaintiff in error was obtained from him under duress. Defendant in error testified that the original was lost. He does not state when or where it was lost but does state that he gave it to an attorney at Sparta who represented him in a suit brought against him by Curless. No request was made of this attorney to produce the original and no foundation laid for the introduction of secondary evidence had the original been competent. It was the statement of a person neither a party to the record nor in privity with the person against whom it was sought to be used, and was therefore hearsay and not admissible. *Montgomery* v. *Brush,* 121 Ill. 513.

Defendant in error introduced in evidence certain letters which he found in his wife's trunk. The only evidence that these were written by Curless was the testimony of defendant in error, who testified that they were in Curless' handwriting. He based his identification on his comparison with an endorsement of Curless' name on a check which he did not see Curless write. While some of these letters are

couched in endearing terms and made requests for her to meet him, there are no recitals of past conduct and none of the requests appear to have been acted upon by plaintiff in error. In *Razor* v. *Razor,* 149 Ill. 621, (a case where the wife filed a bill against her husband for separate maintenance on account of his desertion and the husband filed a cross-bill for divorce on the ground of adultery on her part) it was held that a letter found in a wife's trunk seeking an illicit meeting with her was not evidence against her unless the request had been adopted or sanctioned by some reply or statement or act done on her part, shown by proof *aliunde* the letter itself, and that while the possession of letters of this character is wholly inconsistent with the duties and obligations of a wife, it cannot be said that her silence and retention of the letters necessarily imply assent to their contents. Where verbal communications are made silence may authorize an inference of assent, but the same rule does not ordinarily apply to letters received but never answered and in no way acted upon. *Commonwealth* v. *Eastman,* 1 Cush. 215; *Smith* v. *Shoemaker,* 17 Wall. 630; *Snell* v. *Weldon,* 239 Ill. 279; *Crumbaugh* v. *Owen,* 238 id. 497.

Curless was a married man in the employ of a power company which was doing some construction work in the neighborhood of Steeleville. He roomed at the Hoef residence one week in May and from July 19 to the fore part of September, 1922. A part of the time his wife was with him and a part of the time a man by the name of Benson occupied the same room with him. No witness other than defendant in error testified to any acts of intimacy between Curless and plaintiff in error or testified to seeing them under suspicious circumstances. Defendant in error called Verna Hoef as a witness, and when she testified that on a certain occasion she did not see Curless kiss her mother, he was allowed by the court to impeach his own witness

by showing that she had previously stated that she had seen him do so.

Defendant in error testified to seeing his wife go into Curless' room a few times, where she remained two or three minutes. He testified that on another occasion when he got up early in the morning he went into the cellar and looked through the place where the cold air pipe of the furnace had been disconnected at the floor and saw Curless in the parlor, sitting in a rocking chair, and that his wife came into the room and sat down for a short time on Curless' lap, but that he did not see him kiss her or hear anything said. She denied this episode. He testified that he accused her of intimacy with Curless and that she made a remark which would tend to show her guilt. This she denied, as she also denied specifically the charge of adultery. It being important to the well-being of society that the marriage relation should not be severed, where a divorce is sought from a wife for adultery the proof to warrant a decree must clearly convince the mind affirmatively that actual adultery was committed, as nothing short of the carnal act can lay the foundation for such divorce. *Blake* v. *Blake,* 70 Ill. 618.

When this case is stripped of its incompetent evidence all that remains tending to prove the charge in the cross-bill is the testimony of defendant in error as to circumstances which are denied *in toto* by plaintiff in error. His testimony is very greatly weakened by the fact that he is contradicted on material parts of his testimony not only by his wife but by each of his three children. Curless was not produced as a witness, plaintiff in error testifying that she did not know his whereabouts. The evidence in this case falls far short of the degree of proof required by law to sustain the decree of divorce for adultery.

Plaintiff in error and the two sons testified to long continued abusive treatment on the part of defendant in error, including his habitually using the vilest language to plain-

tiff in error and applying the most opprobrious epithets to her. She testified to threats made by him and that on one occasion he struck her with his fist. This is not denied by him, and one of the sons testified to seeing his father strike his mother with his fist. Defendant in error in his answer to the original bill admits using unbecoming words in the heat of anger, and on cross-examination, when asked if he had not heard his family testify to his calling his wife a vile name, said, "When I got riled up and aggravated I may have said things I ought not have said."

The decree finds that plaintiff in error committed adultery with Curless "on, to-wit, August 1, 1923, and on different days prior thereto and since that time," although there is no evidence that she saw Curless after September, 1922. The decree also found "that said acts of adultery were all unknown to said John Hoef until, to-wit, January 1, 1924, and that since he discovered said unfaithfulness on the part of his said wife he has not cohabited with her as her husband." The evidence shows that on September 5, 1922, the defendant in error knew all the facts which ever came to his knowledge. He did not leave his family at that time but continued to reside with them until April 5, 1924. He did not leave his family by reason of his wife's intimacy with Curless, because after having his so-called confession he wrote a letter to Curless, as follows:

"*Dear Mr. Curless.*—Bring your clothes over to-night and stay as usual. All will be well. There will not be a hair hurt on your head. Why don't you take my word for it?        J. B. HOEF."

Defendant in error, when first interrogated with reference to this note, denied having written such a note, but when confronted with his signature admitted it. Plaintiff in error and the two sons testified that on April 5, 1924, when he left home, some of the family were having a dispute because Verna was using the ear phones on a radio belonging to one of the boys. Plaintiff in error settled the dispute amicably, and Milton said: "Well, pop, see, if

you was like mom it would be nice around here; you would get along all right;" that defendant in error then got angry, used the vilest language, got his things and left. Defendant in error testified: "I left them more, I guess, on account of the abuse of my mother and brothers and sisters and their religion."

The decree in this case is manifestly not sustained by the weight of the evidence, and it must be reversed and the cause remanded.

*Reversed and remanded.*