## FARMERS TRUST AND SAVINGS BANK v. DONNELLY ET AL.

[No. 12,537.   Filed December 14, 1926.]

1. FRAUDULENT CONVEYANCES.—*Grantee has burden of proving actual indebtedness owing by grantor when they are near relatives, and grantor is left insolvent.*—In an action to set aside a conveyance to a near relative as fraudulent, when it is shown that the conveyance left the grantor with no property to pay his general creditors, the grantee has the burden of proving that there was an actual indebtedness owing by the grantor to the grantee. p. 446.

2. FRAUDULENT CONVEYANCES.—Evidence *held* insufficient to overcome *prima facie* fraudulent character of conveyance by wife to husband. p. 448.

3. FRAUDULENT CONVEYANCES.—*Considerable latitude allowed in examination of parties.*—In actions to set aside conveyances as fraudulent, considerable liberality should be allowed in examining the parties as to their financial affairs and business transactions, and this is especially true when the parties are husband and wife. p. 449.

4. HUSBAND AND WIFE.—*Improvements made by husband on wife's property presumed to be gift.*—Where improvements are made on property of wife by her husband, the law raises the presumption that the improvements are intended to be a gift. p. 449.

From Howard Circuit Court; *John Marshall,* Judge.

Action by the Farmers Trust and Savings Bank against Ana E. Donnelly and others, seeking to recover on a note and to set aside a conveyance as fraudulent. From a judgment for the plaintiff on the note but for the defendants on the issue of fraudulent conveyance, the plaintiff appeals. *Affirmed in part and reversed in part.* By the court in banc.

*Bell, Kirkpatrick, McClure & Elliott* and *Lex J. Kirkpatrick,* for appellant.

*Joseph C. Herron,* for appellees.

McMAHAN, C. J.—Complaint by appellant against appellees seeking to recover on a promissory note dated March 2, 1923, executed by the appellees Ana E. Donnelly, Kokomo Fruit and Produce Company, Genevieve Maloney Moss and Joseph A. Maloney, to the Farmers Trust and Savings Bank of Kokomo, and to set aside as fraudulent a conveyance of real estate, the legal title to which had been in Ana E. Donnelly since 1904, it being alleged that on March 13, 1923, appellees Ana E. and Allison C. Donnelly, for the purpose of cheating, hindering and delaying the creditors of Ana E. Donnelly, fraudulently conveyed the lot in controversy, without any consideration, to a trustee who immediately thereafter, without any consideration, conveyed the same to said Donnelly and Donnelly who were then husband and wife.

The issues were made up by a complaint in one paragraph and answer in general denial. There was a trial by the court and finding and judgment on such promissory note against the makers for $1,473.40, principal and interest, and $128.19 attorney fees. The court further adjudged that the conveyance alleged in the complaint to be fraudulent and as affecting appellees Ana E. Donnelly, Allison C. Donnelly, and Marie Joyce was

not fraudulent and should not be set aside and that appellant take nothing by its complaint as to the alleged fraudulent conveyance.

Appellant insists the decision of the court is: (1) Not sustained by sufficient evidence; and (2) that it is contrary to law.

On the trial, it was agreed that the lot in question, at the time when the note sued on was executed and on the date of the conveyance alleged to be fraudulent, was worth $6,500, and was free of encumbrances, except current taxes. After the execution of the deeds, Mrs. Donnelly and all of the other parties to the note were insolvent and had no property subject to execution. On March 2, 1923, Mrs. Donnelly, Genevieve Maloney Moss, Joseph A. Maloney and Kokomo Fruit and Produce Company, in renewal of a former note signed by them, executed to appellant the note sued on calling for $1,375 with seven per cent. interest and attorneys' fees. Before appellant accepted the original note for which the last was in renewal, the cashier of appellant examined the records to ascertain the solvency of the parties and ascertained that the title to the lot in question was in Mrs. Donnelly and that she was solvent, and when he accepted the note sued on, he knew the title to that lot was still in her name. Prior to accepting the renewal note, the cashier had informed Mrs. Donnelly that appellant desired to have the note paid. Mrs. Donnelly wanted the cashier to insist on having one of the other makers of the note pay it, and asked the cashier not to call her about it as she did not want her husband to know she had signed the note.

The contention of the Donnellys, hereafter referred to as "appellees," is that, at and prior to the transfer of the lot to them by the entireties, Mrs. Donnelly was indebted to her husband and that she had the right to convey the property to him as a preferred creditor. Ap-

pellant contends: (1) That the evidence does not prove that Mrs. Donnelly was in debt to her husband when the conveyance was made; and (2) that appellee Allison C. Donnelly is by his acts estopped to deny that his wife was the absolute owner of the lot in question.

Is the evidence sufficient to sustain a finding that Mrs. Donnelly was actually indebted to her husband? As was said in *Murray* v. *Sumner* (1919), 71 Ind.

1. App. 607, 125 N. E. 422: "In cases like the one at bar, it is so well settled as to need no further citation of authority that, after the fact of the execution of the deed of conveyance to a near relative is proved, leaving no property with which to pay his general creditors, a sufficient case has been made to put the other parties to the proof of an actual indebtedness owing by grantor to grantee. The grantee has this burden."

And in *Burt* v. *Timmons* (1887), 29 W. Va. 441, 2 S. E. 780, 6 Am. St. 664, it is said: "A fraud upon creditors consists in the intention to prevent them from recovering their just debts by an act which withdraws the property of the debtor from their reach, * * * and fraud should be so inferred when the facts and circumstances are such as to lead a reasonable man to the conclusion that an attempt has been made to withdraw the property of the debtor from the reach of his creditors with the intent to prevent them from recovering their just debts; and if prima facie such fraudulent attempt is thus established, it may be regarded as conclusively established unless it is rebutted by facts and circumstances which are proven. Transactions between father and child, brother and sister, husband and wife, or between others between whom there exists a natural and strong motive to provide for a dependent at the expense of honest creditors, if such transaction is im-

peached as fraudulent, may be shown to be fraudulent by less proof, and the party claiming the benefit of such transaction is held to a fuller and stricter proof of its justice and fairness after it has been shown to be prima facie fraudulent, than would be required if the transaction was between strangers, * * *. A transfer of property, either directly or indirectly, by an insolvent husband to his wife is justly regarded with suspicion; and unless it clearly appears to have been entirely free from wrong intent to withdraw the property from the husband's creditors, or the presumption of fraud be overcome by satisfactory affirmative proof, it will not be sustained."

Appellees were married in 1902. In 1904, they purchased the lot in question paying therefor $1,025. The lot was paid for out of money saved by Mrs. Donnelly and her husband. When purchased, there was a small frame house on the lot. In 1919, Mrs. Donnelly received $5,000 from her parents. In 1920, the old house was sold and a new duplex frame house costing $6,000 was erected on the lot. Appellees, in 1920, purchased another house and lot paying therefor $2,200, and took title by the entireties. They also bought an automobile in 1920, at a cost of $2,800. They also own another house which they occupy as a residence which is in their joint names, the cost of which is not disclosed. It also appears that appellees have stock in several corporations, as follows: Eighty shares in General Motors; seventy shares in Louisville and Nashville; twenty-five shares Pennsylvania; and five shares in Steel and Wire. The evidence does not show when these stocks were purchased, nor the cost of the same. The inference to be drawn is that they were issued to Mrs. Donnelly and later transferred by her to her husband. Appellees never kept a record of their financial affairs or of their

accounts with each other and could not tell the amount of money either of them put in any property purchased by them.

The husband worked for the Apperson company, and, beginning in 1919, his salary was $4,000 a year. Testifying for appellees, he says he paid for building the new duplex; that he paid $1,100, or one-half, of the purchase price of the property purchased in 1920; that he paid $1,400, or one-half, of the cost of the automobile purchased in 1920. After testifying concerning the erection of the new house in 1920, he was asked, "What was said between you and your wife as to paying you for your money that you spent on this property?" To which question, he answered: "At any time I wanted my money I could sell the property and get the money."

There is no evidence in the record other than this one question and answer which, by any possible stretch of the imagination, can be construed as tending

2.  to show the existence of any debt or obligation on the part of Mrs. Donnelly to her husband. This evidence wholly failed to show any debt due or owing the husband from his wife. She made no promise to pay him, and the evidence in the record is not sufficient to warrant a court to find an implied agreement by the wife to pay her husband any sum of money. The evidence, taken as a whole, is such as to cast suspicion on the transaction and to stamp it as fraudulent, and is not sufficient to overcome the *prima facie* fraudulent character of the conveyance in question.

In the language of the court in *Burt* v. *Timmons, supra,* the conveyance does not clearly appear to have been entirely free from a wrongful intent to withdraw the property of the wife from her creditors. The evidence wholly fails to show that the conveyance was made so as to pay the husband, or that he might get his money out of the place. He does not seem to have

desired his money.    There is no evidence that he ever requested that his wife pay him the money he claims to have expended in erecting the new house.    He knew of the debt due and owing appellant by his wife, and the only legitimate inference to be drawn from the evidence is that he and his wife desired to so arrange the title to her property as to hinder and delay appellant in collecting this debt.

Appellant also contends that the court erred in sustaining objections to certain questions asked appellee Allison C. Donnelly concerning the value of certain corporation stock which it appears was transferred to him by his wife.    The objections to this evidence can be easily avoided on another trial, so we do not deem it necessary to pass upon the questions as they are now presented.    Trial courts should remember that in an action to set aside a fraudulent conveyance, considerable latitude is allowed in the examination of the parties, and this is especially true when the parties are husband and wife.

There is no claim but that the judgment rendered in favor of appellant on the note is for the correct amount and was properly rendered.    This being true, there is no reason for a new trial on that issue.    The motion for a new trial on the issue of fraud should have been sustained.    Where improvements are constructed by a husband upon property of the wife, the law raises the presumption that the improvements are intended as gifts. *Hoef* v. *Hoef* (1926), 323 Ill. 170, 153 N. E. 658.

Judgment reversed, with directions to sustain the motion for a new trial on the issue of fraud.    On the other issues, judgment affirmed.