SKINNER ET AL. *v.* J. I. CASE THRESHING MACHINE COMPANY.

[No. 14,403. Filed July 26, 1932.]

*Milo B. Slick* and *Lauer & Dexter,* for appellants.
*Roy Sheneman* and *Henry M. Dowling,* for appellee.

LOCKYEAR, J.—The facts in this case were found specially and conclusions of law stated thereon.

The essential facts as found by the court are not in dispute and are as follows:

On April 22, 1927, Ichabod Skinner and Ray W. Skinner executed and delivered to the appellee two notes and secured the same by a chattel mortgage on certain farm machinery, which mortgage was duly recorded and afterwards, in April, 1929, suit was brought on the notes and judgment obtained on June 6, 1929, in the sum of $1,019.47 for the balance due on the notes.

Ichabod Skinner was the owner of certain described real estate in Marshall County, Indiana, of the value of $3,000. He also owned another 20-acre tract of land upon which he lived with his wife, to whom he had previously conveyed a life estate in said real estate with a remainder over to such of his children as might be living at the time of her death.

Ichabod Skinner was at the time of the finding 84 years of age, and he and his wife had then 7 living

children, three of whom were the appellants, Florence Skinner Tim, Grace Skinner and Hilda Skinner Frame.

In the years 1924 and 1925 a dwelling was erected on the 20 acres where Ichabod Skinner and his wife lived.

One of the children employed a carpenter to construct the house.

Florence Skinner Tim contributed $1,764 towards the construction of the house and $145 towards furnishing it. Grace Skinner furnished $676 for the same purpose. Hilda Skinner Frame did not furnish anything for either purpose.

September 1, 1928, Ichabod Skinner executed one note for $1,000, due three years after date, payable to Florence D. Skinner Tim, one note for $2,000 to Hilda Skinner Frame and Grace Skinner, also due three years after date.

That the holders of these notes brought suit on the notes March 14, 1929, and judgment by default was taken upon them April 18, 1929.

The tract of real estate valued at $3,000, being all the property owned by Ichabod Skinner, was sold by the sheriff to satisfy said judgments, which real estate, exclusive of the wife's 1/3 interest therein, the court finds to be worth $2,000.

The court finds that there has been no change in possession of said real estate, but possession of the same has continued in the appellant, Ichabod E. Skinner; that he has rented said real estate, collected rents and paid the taxes and the said daughters have exercised no control over said real estate.

That the aforesaid real estate has not been redeemed by the appellant, Ichabod Skinner, nor did he ever intend to redeem the same from said execution sales and does not now intend to redeem the same, but now intends and at all times since said sales, has intended to permit title to vest in his said daughters as a secret

trust by the execution to them of a Sheriff's Deed for the said fraudulent purpose of depriving the J. I. Case Threshing Machine Company of the means for satisfying its said judgment.

The court states as a conclusion of law that the appellee is entitled to have the real estate belonging to appellant Ichabod E. Skinner, described in appellee's complaint sold on decretal order without relief from valuation of appraisement and the interest therein of Ichabod E. Skinner applied to the payment and satisfaction of appellee's judgment and debt.

Judgment was rendered in harmony with finding of facts and conclusions of law.

The only error that we need to consider is the alleged error of the court in its conclusions of law.

The findings show that instead of making a deed outright to his daughters, Ichabod Skinner executed notes which are ante-dated, upon which suit was brought, judgment obtained by default, execution issued and the real estate sold: This circuitous method adds nothing to its validity.

The money furnished by two of the appellants to build the house on the 20-acre tract, it must be remembered was to improve the lands, not of the father, but of the daughters and their mother.

Furthermore, after the sheriff's deed was made to the 80-acre tract, which this action seeks to set aside, there was no change of possession or management. The father still retained possession and collected the rents and profits thereof.

It was not necessary that the court find actual fraud upon the part of the daughters, or that they knew of their father's intent to cheat, hinder or delay appellee in the collection of its claims. If there was no valuable consideration for their notes, their ignorance of the maker's wrongful purpose is im-

material. *Cavanaugh* v. *Smith,* 84 Ind. 380; *Spiers* v. *Whitesell,* 27 Ind. App. 204, 61 N. E. 28; *Borror* v. *Carrier,* 34 Ind. App. 353, 73 N. E. 123; *First National Bank* v. *Smith,* 149 Ind. 443; *York* v. *Rockwood,* 132 Ind. 358.

In the case of *Murray* v. *Sumner* (1919), 71 Ind. App. 607, 125 N. E. 422, quoting from *Burke* v. *Timmons* (1887), 29 W. Va. 441, 2 S. E. 780, where it was said, "A fraud upon creditors consists in the intention to prevent them from recovering their just debts by an act, which withdraws the property of the debtor from their reach. . . . It is often said, that fraud must be proved and is never to be presumed. This is true, only when understood as affirming that a contract or conduct apparently honest and lawful must be treated as such, until it is shown to be otherwise by evidence, either positive or circumstantial; but fraud may be inferred from facts calculated to establish it; and fraud should be so inferred, when the facts and circumstances are such as to lead a reasonable man to the conclusion, that an attempt has been made to withdraw the property of the debtor from the reach of his creditors with the intent to prevent them from recovering their just debts; and, if *prima facie* such fraudulent attempt is thus established, it may be regarded as conclusively established, unless it is rebutted by facts and circumstances, which are proven."

Finding no reversible error in the record, the judgment is affirmed.