17162

MARY T. CLANTON, Respondent, *v.* J. C. CLANTON, DARLINGTON COUNTY BANK AND TRUST COMPANY, VAN METRE'S, INC., SOUTH CAROLINA NATIONAL BANK, MRS. CORNELIA D. McLEOD, J. C. CLANTON AUCTION COMPANY, INC., CLANTON'S AUTO AUCTION SALES, INC., FANNYE M. WANT, Executrix of the Estate of Samuel Want, Deceased, and JAMES N. MOORE, trading as Moore Heating & Sheet Metal Works, of whom J. C. Clanton, J. C. Clanton Auction Company, Inc., and Clanton's Auto Auction Sales, Inc., are Appellants.

(92 S. E. (2d) 878)

*Messrs. LeRoy M. Want, J. P. Mozingo III,* and *Benny R. Greer,* of Darlington, and *Baskin & Cothran,* of Bishopville, *for Appellants,*

*Messrs. McEachin, Townsend & Zeigler,* of Florence, *for Respondent,*

May 16, 1956.

Moss, Justice.

Mary T. Clanton, the respondent herein, and J. C. Clanton, one of the appellants, were married on September 13, 1947. This action was instituted by the respondent against her husband for a divorce upon the grounds of desertion, Section 20-101(2) of the 1952 Code of Laws of South Carolina; and related relief consisting of the cancellation of a certain mortgage executed by the respondent and J. C. Clanton to Darlington County Bank & Trust Company.

It is undisputed that Mary T. Clanton and J. C. Clanton executed a mortgage to the Darlington County Bank & Trust Company on June 15, 1950, which said mortgage

constituted a lien upon the individual properties of the parties, and securing an indebtedness to the said bank in the amount of $75,000.00, which was represented by a note of even date with the mortgage executed by J. C. Clanton and endorsed by the respondent. The proceeds of this note were deposited in the Darlington County Bank & Trust Company to the account of "J. C. Clanton, No. B", said funds to go into a reserve account and to be controlled by the bank as security against losses that might occur through the handling of a large volume of checks in behalf of J. C. Clanton, or by whatever other trade name he used in the automobile auction business. The respondent simultaneously executed a guaranty agreement to the bank, which provided that her guaranty was not to be affected by any other security that the bank might have from J. C. Clanton and that the bank might require her to pay any loans made to J. C. Clanton without first exhausting its security. It further provided that the obligation incurred by the respondent shall be a continuing one and cover future advances. The agreement is to enure to the benefit of the bank, its successors and assigns.

As is heretofore stated, the proceeds of the loan aforesaid were deposited in "B" account, where it remained until March 31, 1954, when J. C. Clanton drew a check thereon payable to the Darlington County Bank & Trust Company in the amount of $75,000.00, and on this check is the word "note". No other deposits were ever made to the account nor any other checks drawn thereon. In addition the ledger sheet of the bank shows this endorsement "Assigned as security for loans". The bank continued to hold the note and mortgage for some time and thereafter in 1955 assigned such to Clanton's Auto Auction Sales, Inc., which was chartered on November 13, 1950, and of which J. C. Clanton was the president and majority stockholder.

In the action for divorce, which was commenced on May 8, 1954, the respondent alleged the execution and delivery of the mortgage securing the indebtedness of $75,000.00,

heretofore referred to and she asserted that such indebtedness had been incurred for the benefit of J. C. Clanton and that she was in no wise responsible therefor, and that such should be paid by the said J. C. Clanton. The appellant denies that the aforesaid note and mortgage was executed by the respondent for the benefit of said appellant and alleges that without the money from this transaction it would have been impossible to finance the repairs and improvements to the residence of the respondent at a cost of more than $80,000-.00.

While the aforesaid action was pending, the respondent filed a petition wherein she set forth that the mortgages described in the complaint, including the one specifically referred to herein, were signed by the respondent at the instance of the appellant for the purpose of furnishing security for the appellant's operation of his auto aution sales business. She alleges in such petition that this particular mortgage was only given for the purpose of building up the reserve fund hereto referred to, and that the said note secured by the said mortgage having been paid, the mortgage should be satisfied and cancelled of record in the office of the Clerk of Court. Based upon such petition, the Honorable J. Frank Eatmon, Judge of the Third Circuit, issued a Rule requiring the appellants J. C. Clanton, J. C. Clanton Auction Company, Inc. and Clanton's Auto Auction Sales, Inc. to show cause why the said real estate mortgage should not be satisfied of record in the office of the Clerk of Court for said County. By way of return to this Rule, the appellants allege that large sums of money were expended on the new home being constructed on the residential property of the respondent and that in order to secure the amounts advanced by Clanton's Auto Auction Sales, Inc. for the modernization of the respondent's home, the note and mortgage above referred to were assigned to secure such advances.

It appeared, upon a hearing before Judge Eatmon, that an issue of fact was presented as to payment of the aforesaid mortgage and the facts required the taking of testi-

mony thereabout. He states in his order that "counsel have agreed to present testimony before me on October 17, 1955 at Chambers, in Kingstree". At such time and place the testimony with reference to this mortgage was taken.

The appellants take the position that they were entitled to a trial by jury upon the issues presented as to whether or not the mortgage in question should be satisfied under the factual situation. The Court held in his order dated September 29, 1955, that Section 45-68 of the 1952 Code of Laws of South Carolina provided an alternate method for petitioning the court to have the mortgage satisfied of record and that such was a cumulative remedy to the procedure provided for in Section 45-67.1 to 45-67.3 of the Code. It also appears from the record that the appellants filed Notice of Intention to Appeal from this order but did not perfect such appeal, and on December 3, 1955 Judge Eatmon dismissed the appeal for the reason that no case and exceptions had been served in compliance with Circuit Court Rule 49. Hence there was no effective appeal from Judge Eatmon's Order, which fixed the trial before the Resident Judge of the Circuit without a jury.

At the hearing before Judge Eatmon, J. C. Clanton testified that the note and mortgage was given for two purposes, one of them being to start off a new phase of the business in which he was engaged, and the other to make an arrangement for the respondent to get the money for remodelling or rebuilding her house. The respondent specifically denies in her testimony that the mortgage in question had anything to do with getting money for the remodelling of her house. The trial Judge held that the purpose for which the mortgage was created having been fulfilled that it should be satisfied of record.

This case comes before this Court upon sixteen exceptions and raises the following questions: (1) Were the appellants entitled to a trial by jury of the factual issues involved? (2) Was there a valid assignment of the mortgage made by the Darlington County Bank & Trust Company to

a corporation controlled by the husband of the respondent, when the mortgage had been given as an accommodation to said husband? (3) Where a mortgage covers additional advances, does repayment of the original amount borrowed with the same money that was borrowed require a satisfaction as against an assignment to the corporation that owned the money at the time the payment was made?

As to the first question, the record shows that counsel for appellants agreed to present testimony before the Trial Judge at a time and place fixed by him. Even though there was an appeal from his order requiring and fixing the place and manner of trial, such appeal having been dismissed for failure to perfect same in accordance with Circuit Court Rule 49, such became the law of the case and cannot now be properly raised. *Wilson v. Dove,* 118 S. C. 256, 110 S. E. 390; *Hinson v. Roof,* 128 S. C. 470, 122 S. E. 488; *Prather v. Clover Spinning Mills, Inc.,* 215 S. C. 103, 54 S. E. (2d) 529.

Since there was no effective appeal from the order of the Trial Judge fixing the procedure for the trial of the issues raised, this Court cannot consider the exceptions posing the question of whether or not the appellants were entitled to a trial by jury of the factual issues involved.

As to the second question, the appellants contend that the facts show that Clanton's Auto Auction Sales, Inc., furnished large sums of money for the construction and remodelling of the home of the respondent. This raises the question of whether or not the funds, if so furnished, were secured by the mortgage given by the respondent and J. C. Clanton to the Darlington County Bank & Trust Company. It appears from the evidence, without question, that at the time the funds were furnished to remodel the home of the respondent that the mortgage then secured an indebtedness of $75,000.00 to the Darlington County Bank & Trust Company. Numerous checks were offered in evidence showing the payment for the remodelling of the home of the respondent but these checks were issued in 1951 and 1952. The

mortgage could not be security for the debt to the bank and at the same time be security for the advances made by the appellants. The checks introduced in evidence as having been issued in payment for the remodelling of respondent's home were signed "J. C. Clanton" or J. C. Clanton, Bldg. Acct." It cannot be said that funds of Clanton's Auto Auction Sales, Inc. furnished the funds for the remodelling of the house, even though said funds may have been withdrawn from the account of the corporation by J. C. Clanton. It should also be restated that the indebtedness to the Darlington County Bank & Trust Company was not paid until March 31, 1954, and such was paid with the same funds received when the note and mortgage in question was executed by the respondent and J. C. Clanton.

It is inferable from the findings of the Trial Judge that he did not accept the statement of J. C. Clanton that the mortgage was given to secure funds to remodel the respondent's home, because he finds as a fact that "the purpose for which the mortgage was created having been fulfilled" that it should be satisfied of record. The purpose for which the mortgage was given was to provide a reserve fund as security against losses that might occur in the handling of a large volume of checks for the appellants in the automobile auction business. The mortgage, therefore, could not be security for advances for the building and remodelling of respondent's home.

In the case of *Caulk v. Caulk,* 211 S. C. 57, 43 S. E. (2d) 600, 603, this Court said:

"It is equally well established that where improvements are made by the husband upon property which he knows belongs to his wife, the law presumes a gift to her of all such improvements. *Nelson v. Nelson,* 176 N. C. 191, 96 S. E. 986; *Hoef v. Hoef,* 323 Ill. 170, 153 N. E. 658; *Aycock v. Bottoms,* 201 Ark. 104, 144 S. W. (2d) 43.

"If appellant had established the agreement which he claims he had with his wife, this would have rebutted the presumption of a gift. But the Court below found as a fact

that there was no such agreement. After carefully reading the testimony we are inclined to agree with this conclusion, but in no event can it be said that such conclusion on the part of the trial Judge, who had the opportunity of seeing the parties and observing their demeanor on the witness stand, is against the weight of the evidence."

If the Trial Judge had accepted testimony offered in behalf of the appellants that the mortgage was security for the advances made for the remodelling and reconstruction of respondent's home, he could not have reached the conclusion that the purpose for which the mortgage was given had been fulfilled. Hence, the appellants did not overcome by proof the presumption that the improvements made by J. C. Clanton upon property belonging to the respondent was a gift.

The conclusion is inescapable that the respondent endorsed the note and executed the mortgage in question as an accommodation maker. This conclusion comes from a construction of the note and mortgage and the guaranty agreement. The sole purpose of the execution of these instruments, which has been stated several times in this Opinion, was to furnish funds to establish a reserve account against which losses that might occur through the handling of checks in behalf of J. C. Clanton might be charged. Certainly, this shows fully that the respondent was an accommodation maker of the instruments.

Under Section 8-846, of the 1952 Code of Laws of South Carolina, it is provided:

"An accommodation party is one who has signed the instrument as maker, drawer, acceptor or endorser without receiving value therefor and for the purpose of lending his name to some other person. Such a person is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party."

The respondent received no value for endorsing the note and making the mortgage in question. Such was received by J. C. Clanton when the note and mortgage were executed to the Darlington County Bank & Trust Company. Clanton's Auto Auction Sales, Inc., of which J. C. Clanton was the president and the owner of ninety-eight per cent of the stock, knew all of the facts surrounding the entire transaction and did not take an assignment of the note and mortgage for value because the very money which had been obtained on the note and mortgage, and which had been deposited in the "B" account of J. C. Clanton, paid the Darlington Bank & Trust Company the obligation represented by said note and mortgage. We agree with the Trial Judge that the purpose for which the note and mortgage was given had been fulfilled. The respondent is entitled to have the mortgage satisfied.

The appellant relies upon the case of *Bank of Charleston v. Oates,* 160 S. C. 188, 158 S. E. 272. The facts in this case show that one Oates, executed and delivered to the Bank of Oates a bond in the sum of $7,500.00, and to secure its payment, a mortgage upon certain real estate. Oates was not indebted to the bank and received no consideration for the bond and mortgage. However, the Bank of Oates assigned such bond and mortgage to the Bank of Charleston, substituting them for other securities. The Court disallowed the defense of want of consideration, holding that the defendant Oates, having represented by his bond and mortgage that he was indebted to the Bank of Oates in the sum mentioned in said instruments, and made it possible for the Bank of Oates to induce the Bank of Charleston to accept these papers in exchange for other securities, was estopped to set up against the assignee that the bond and mortgage were without consideration.

This statement of the fact shows that the case is not applicable to the present situation.

We conclude that the assignment of the mortgage by Darlington County Bank & Trust Company to Clanton's

Auto Auction Sales, Inc. was not for a valuable consideration and that it was taken subject to all of the equities and defenses existing in favor of the respondent. The corporation was not a bona fide holder of such note and mortgage.

We now come to the third question. The evidence is crystal clear that when the $75,000.00 was received on the note and mortgage in question, it was deposited to the "B" account of J. C. Clanton, and remained in this account from the date of the loan until the repayment of the loan. There was not another deposit made to this account and only the one check written against same. No funds could be withdrawn from this account except with the consent of the bank, showing that the complete understanding as represented by the note, mortgage and the respondent's guaranty agreement, and the additional fact that the account was not subject to check except with the approval of the bank, which does not vary any of the written instruments, and with the endorsement upon the account that it was "assigned as security for loans", required that when payment of the mortgage was made with the same funds that the mortgage should be satisfied rather than assigned. The fact that it was assigned to Clanton's Auto Auction Sales, Inc., under the circumstances and with full knowledge of all the facts, does not deprive the respondent of her right to have the mortgage now satisfied. The corporation took the note and mortgage subject to all defenses existing in favor of the respondent at the time of the assignment. They did not take the note and mortgage in good faith and upon a valid consideration. See in this connection Section 10-706, 1952 Code of Laws and the cases thereunder cited.

We are of opinion that the Trial Judge reached the correct conclusion in this case and that his order should be, and hereby is, affirmed.

STUKES, C. J., and TAYLOR, OXNER and LEGGE, JJ., concur.